842 So.2d 523 (2003)
CRAIN BROTHERS, INC.
v.
Jospeh RICHARD.
No. 02-1342.
Court of Appeal of Louisiana, Third Circuit.
April 9, 2003.
*524 Travis R. LeBleu, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Appellants, Crain Brothers, Inc. and LWCC.
Michael Miller, Crowley, LA, for Appellee, Joseph Richard.
Court composed of NED E. DOUCET, C.J., SYLVIA R. COOKS and JOHN D. SAUNDERS, Judges.
COOKS, Judge.
Joseph Richard was injured in the course and scope of his employment with Crain Brothers, Inc. Eventually, it was requested by the employer that Richard meet with a vocational rehabilitation counselor. Richard, through his attorney, in a letter dated March 18, 2002, agreed to meet with the vocational counselor, but requested that certain conditions be followed:
(A) That your meetings with my client be held at my office at Crowley, Louisiana.
(B) That you agree not to question my client as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226.
(C) That I will be simultaneously copied on all documents sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence.
(D) That I will be a party to all oral conversations between you and the employer, insurer or their representative or attorney. (There will be *525 no secret conversations between yourself and the employer or insurer or their representatives.)
(E) That you will not subject my client to jobs which are inappropriate.
(F) That you will upon request provide your entire file for copying or provide a copy of your entire file without charge.
(G) That you understand that although you were selected by and are paid by my clients' employer/insurer, you are dedicated to finding a job for my client which client can obtain and also continue to perform.
(H) That the purpose of the vocational rehabilitation you provide is for the benefit of my client, who is also your client.
(I) No other person has provided vocational rehabilitation in this case.
(J) That you or your firm has no connection, directly or indirectly, with my client's employer or insurer or their agents, except that you were chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.
The vocational counselor refused to agree to the conditions listed by Richard, thus, the meeting did not take place. In response, Crain Brothers, Inc. and the Louisiana Workers' Compensation Corporation filed a Motion to Compel Vocational Rehabilitation. After a hearing on the motion, the workers' compensation judge ordered that Richard meet with the vocational counselor. The WCJ also found the conditions set forth by Richard's counsel were reasonable. Crain Brothers and LCWW have appealed that judgment, contending the WCJ erred in allowing Richard's terms to govern the relationship between himself and the vocational rehabilitation counselor.

ANALYSIS
The ultimate objective of vocational rehabilitation is to place the claimant back into a competitive position in the labor market so that his employment opportunities are maximized and the costs to the employer and the workers' compensation system are minimized. Livings v. Langston Co., Incorporated/Continental Bag Div., 96-636 (La.App. 3 Cir. 12/5/96), 685 So.2d 405. The question before us is whether this goal was thwarted by the conditions set forth by the claimant. The WCJ found the conditions were reasonable.
La.R.S. 23:1226(E) provides in pertinent part:
Refusal to accept rehabilitation as deemed necessary by the hearing officer shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal. (emphasis ours).
Richard agreed to meet with the insurer's vocational counselor, but only if certain conditions were accepted by the counselor. Richard at no point refused any vocational rehabilitation ordered by the WCJ. As there has been no "refusal to accept rehabilitation as deemed necessary by the hearing officer," no reduction in benefits is appropriate.
Appellants argue the WCJ erred in "expanding the rules established in La. R.S. 23:1226" by allowing the claimant to set forth conditions for the meeting. We do not agree. The WCJ simply held that "the legislature has established the rules and procedures to govern the relationship between the claimant and the vocational rehabilitation counselor; and the court finds the agreement presented to the vocational rehabilitation counselor by [Richard's counsel] is reasonable." We have reviewed 23:1226 and find this provision *526 when considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed. We cannot say this conclusion was manifestly erroneous, and affirm the decision of the trial court at appellants' cost.
AFFIRMED.