887 So.2d 547 (2004)
Oscar INTERIANO
v.
FERNANDO PASTRANA CONSTRUCTION.
No. 04-CA-430.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
Christopher R. Schwartz, Metairie, LA, for Plaintiff/Appellant.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, Jade C. McKeough, Covington, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this worker's compensation dispute, the employer, Fernando Pastrana Construction ("FPC"), filed a Disputed Claim for Compensation on October 30, 2003, arguing that the claimant, Oscar Interiano ("Interiano"), failed to cooperate with vocational rehabilitation. On that same date, FPC also filed a "Motion to Reduce Benefits for Failure to Cooperate with Vocational Rehabilitation," pursuant to LSA-R.S. 23:1226. On November 10, 2003, Interiano filed an opposition memorandum, asserting that the vocational counselor, Dawn Paradis, refused to sign a letter/agreement proposed by Interiano's counsel, setting forth rules and procedures *548 to govern the relationship between the claimant and the vocational counselor, in accordance with Crain Brothers, Inc. v. Richard, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523, and the provisions of LSA-R.S. 23:1226. Therefore, he asserts that he has not refused vocational rehabilitation; rather, it is the vocational counselor who has refused to comply with the conditions of the Crain decision.
On January 23, 2004, the "Motion to Reduce Benefits for Failure to Cooperate with Vocational Rehabilitation" was heard before the worker's compensation judge. At the hearing, counsel for the claimant argued that Interiano should not be required to participate in vocational rehabilitation until the vocational counselor is ordered to sign the agreement setting forth rules and procedures for Interiano's vocational rehabilitation. Counsel for FPC responded that the statute governing vocational rehabilitation, LSA-R.S. 23:1226, does not require a vocational rehabilitation counselor to agree to certain terms prior to performing rehabilitation services. Rather, he argues that the employee may file a claim with the Office of Worker's Compensation, under LSA-R.S. 23:1226(B)(3)(a), if a dispute arises regarding the quality of the services of the vocational counselor or the necessity for such services.
At the conclusion of the hearing, the worker's compensation judge stated in pertinent part:
.... there is no indication that the vocational rehabilitation services are not needed. And there's also no indication at this time, since she has not performed the services, as to whether or not her performance of these duties are appropriate or inappropriate. It's premature for us to even consider that at this point in time. The court is not going to render a decision based on speculation as to how the vocational rehabilitation counselor will do her job. The court is going to assume that she does it appropriately. If not, then defendant has all rights  claimant has all rights reserved to them to pursue this matter at that point in time. But at this point in time the parties will proceed as indicated. If in fact the claimant does not cooperate with the vocational rehabilitation efforts, then the court will consider at that time to reduce her [sic] benefits accordingly in accordance with the statute.
On January 29, 2003, the worker's compensation judge signed a judgment ordering "that Oscar Interiano cooperate with the vocational rehabilitation counselor" and "that failure to cooperate with vocational rehabilitation will result in reduction in indemnity benefits as provided by law." It is from this ruling that the claimant, Oscar Interiano, appeals.

DISCUSSION
On appeal, Interiano asserts that the hearing officer erred in not following the Crain decision, because Crain outlined the correct procedures for performing vocational rehabilitation and the condition of signing the letter is reasonable.
In Crain, the Third Circuit noted that LSA-R.S. 23:1226(E) requires a "fifty percent reduction in weekly compensation for refusal to accept rehabilitation as deemed necessary by the hearing officer." (Emphasis in original). Crain, supra at 525. The Court further stated:
We have reviewed 23:1226 and find this provision when considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed. We cannot say this conclusion *549 was manifestly erroneous, and affirm the decision of the trial court.... (Emphasis added.)
Crain, supra at 525-526.
In Crain, the Third Circuit did not hold that the conditions set forth by the claimant's counsel were mandatory in every case or that they should be "deemed necessary by the hearing officer" in every situation. The Court simply found that LSA-R.S. 23:1226 does not restrict the worker's compensation judge from requiring a vocational counselor to agree to certain terms, and the Court did not find manifest error in the worker's compensation judge's finding that the conditions set forth by the claimant's counsel were reasonable.
LSA-R.S. 23:1226 does not require a vocational counselor to agree to certain conditions prior to providing vocational rehabilitation services. Rather, LSA-R.S. 23:1226(B)(3)(a) provides that the employee may file a claim with the Office of Worker's Compensation if a dispute arises regarding the quality of the services of the vocational counselor or the necessity for such services. (Emphasis added.) Further, the Third Circuit's decision in Crain, which is persuasive but not binding on this Court, does not require the vocational counselor to agree to certain terms prior to the performance of rehabilitation services.
In the present case, the worker's compensation judge did not find that it was necessary for the vocational rehabilitation counselor to sign an agreement proposed by Interiano's counsel, setting forth procedures, rules, and conditions for the rehabilitation services. Accordingly, she ordered Interiano to cooperate with the vocational rehabilitation counselor without requiring the counselor to sign the agreement proposed by Interiano's counsel. Considering the law on this issue and the record before us, we cannot say that the trial court's decision was manifestly erroneous or clearly wrong.

DECREE
Accordingly, for the reasons set forth above, we affirm the judgment of the trial court.
AFFIRMED.