|2TERRI F. LOVE, Judge.
This appeal arises from the trial court’s denial of defendants’, Leon’s Plumbing Company and Federated Mutual Insurance Company’s, Motion to Reduce Benefits, which contends that Appellee, Ignacio Mendoza, refused rehabilitation by requesting that the vocational rehabilitation counselor sign a letter agreement ensuring the outcome of the services to be rendered, resulting in a contractual relationship between the vocational rehabilitation counsel- or and Ignacio Mendoza. Appellants aver that the trial court erred by failing to reduce claimant’s benefits by 50% for his refusal of treatment by the vocational rehabilitation counselor without the contractual relationship. For the reasons stated below, we reverse in part and affirm in part the ruling of trial court.

FACTS AND PROCEDURAL HISTORY

The plaintiff-appellee, Ignacio Mendoza (“Mendoza”), while in the course and scope of his employment as a plumber with Leon’s Plumbing Company (“Leon’s Plumbing”), injured his shoulder while *603 working on a water heater in the French Quarter. According to Mendoza, as a result of the accident, Dr. Gordon Nutik, the physician for Leon’s Plumbing, and the physicians at Tulane University, recommended retraining for Mendoza. The claimant, Mendoza, initiated the proceedings seeking vocational rehabilitation. In accordance with the provisions of La. R.S. 23:1226, the defendants-appellants, Leon’s Plumbing and Federated Mutual Insurance Company, retained GENEX Services, Inc., (“GENEX”) to | ¡¡provide Mendoza with vocational rehabilitation. GENEX, in turn selected licensed vocational rehabilitation counselor, Kathy Reish (“Ms.Reish”), to provide services to Mendoza.
Mendoza’s appointment with Ms. Reish was scheduled through his attorney to be held on August 12, 2003; however, prior to the appointment, Mendoza’s attorney sent a letter agreement, which required signing, to Ms. Reish outlining the desired outcome and the inclusive details of the services she was to provide. In response to the correspondence sent by Mendoza’s attorney, Ms. Reish advised claimant’s attorney that because the letter was to serve as a contract between the parties, thus establishing a contractual relationship, she refused to sign the letter stating, “it was subjective” and left her open to liability. Based upon Ms. Reish’s refusal to sign the letter, Mendoza declined vocational rehabilitation administered by Ms. Reish.
As a result of Mendoza’s refusal to seek vocational rehabilitation, defendants filed a motion with the Workers’ Compensation Court to reduce Mendoza’s benefits by 50% based upon La. R.S. 23:1226(E). At the hearing held before the Workers’ Compensation Judge (“WCJ”), the WCJ evaluated the terms of the letter agreement and concluded, in accordance with the Third Circuit’s holding in Crain Brothers, Inc. v. Richard, 2002-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523 and pursuant to La. R.S. 23:1226, that all but three of the requirements in Mendoza’s attorney’s letter were reasonable. The WCJ found that Mendoza had not refused rehabilitation, but questioned the parameters in which rehabilitation would occur. The WCJ ordered Leon’s Plumbing to provide a vocational rehabilitation counselor who was willing to sign the letter agreement. It is from this judgment that Leon’s Plumbing timely appeals.

\ ¿LEGAL ANALYSIS

Standard of Review

“Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.” Smith v. Louisiana Dep’t of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Freeman, 93-1530 at p. 5, 630 So.2d at 737-38; Stobart v. State, Dept. of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Banks v. Industrial Roofing Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556.
*604 Upon appeal of the workers compensation proceeding, when the Court of Appeal finds that the trial court committed either manifest error in its factual determinations or reversible error of law, the Court conducts a de novo review of the record. Cole v. Langston Companies, Inc., 98-1202, p. 4 (La.App. 3 Cir. 2/3/99), 736 So.2d 896, citing Rosell v. ESCO, 549 So.2d 840 (1989). In the case at bar, for the reasons that follow, we find that the trial court erred in finding that the letter agreement was reasonable. Further, we find that the WCJs ruling, ^ordering Leons Plumbing to find a vocational rehabilitation counselor who will sign the amended letter agreement, contrary to La. R.S. 23:1226, and manifestly erroneous. However, we do not find the trial court erred in failing to reduce claimants benefits by fifty percent (50%).
The appellants assert .that the WCJ committed error by finding that a reduction of benefits by 50% was unwarranted, where evidence was presented to show Mendoza refused rehabilitation services offered by Ms. Reish. La. R.S. 23:1226 dictates “Refusal to accept rehabilitation as deemed necessary by the workers’ compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earning benefits pursuant to R.S 23:1221(3), for each week of the period of refusal.” La. R.S. 23:1226(E). A workers’ compensation claimant’s supplemental earnings benefits (SEBs) will be reduced retroactively by 50% for each week that he refuses rehabilitation services. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 15-16 (La.7/1/97), 696 So.2d 551, 559-60. The standard for reduction is a factual determination by the court based upon the evidence presented.
The ultimate objective of vocational rehabilitation is to place the claimant back into a competitive position in the labor market so that his employment opportunities are maximized and the cost to the employer and the workers compensation system are minimized. Livings v. Langston Cos. Incorporated/Continental Bag Div., 96-636 (La.App 3 Cir. 12/5/96), 685 So.2d 405, 415; La. R.S. 23:1226 B. The dispositive issue is whether the letter agreement was an attempt to thwart rehabilitation by the requiring the vocational rehabilitation counselor, Ms. Reish, to execute the letter agreement with Mendoza before rehabilitation was to begin. It is this Courts finding that the letter | (¡agreement presented to Ms. Reish by Mendoza was unreasonable. The letter agreement presented by the employee contained ten (10) items for the vocational rehabilitation counselor to agree to prior to the start of counseling. The following is the letter agreement that Mendozas attorney transmitted to Ms. Reish: (The underlined items are ones found unreasonable by the WCJ):
A) That your meetings with my client be held at 2955 Ridgelake Drive, Suite 207, Metairie, Louisiana, 70002.
B) That you agree not to question my client as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226.
C) That I will be simultaneously copied on all document sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence.
D) That I will be a party to all oral conversations between you and the employer, insurer or their representative or attorney. (There will be no secret conversations between yourself and the employer or insurer or their representative.)
*605 E) That you will not subject my client to jobs in which are inappropriate
F) That you will upon request provided your entire file for copying or provide a copy of your entire file without charge.
G) That you understand that although you were selected by and are paid by my clients’ employer/insurer, you are dedicated to finding a job for my client which client can obtain and also continue to perform.
H) That the purpose of the vocational rehabilitation you provide is for the benefit of my client, who is also your client.
I) No other person has provided vocational rehabilitation in this case. That you or your firm has no connection, directly or indirectly, with my client’s employer or insurer or their agents, except that you were chosen and paid by the employer/ insurer to provide vocational rehabilitation in this case.
Although the ten (10) requirements in Mendozas letter agreement were the same as those enumerated in Crain, the WCJ found items “D,” “J,” and “I” of the letter agreement to be unreasonable, however, validating the other seven requirements in the letter agreement. Crain Brothers, Inc. v. Richard, 2002-1342 (La.App. 3 Cir. 4/9/03) 842 So.2d 523. The court further opined, with the removal of the three unreasonable requirements, a vocational rehabilitation counselor should have no objection to signing the letter agreement.
|7In Crain, claimant Richard, through his attorney, agreed to meet with the vocational rehabilitation counselor, but requested that certain conditions be followed. The vocational counselor refused to agree to the conditions listed by claimant. Defendants, Crain Brothers, Inc. and the Louisiana Workers Compensation Corporation, filed a Motion to Compel Vocational Rehabilitation. The WCJ ordered claimant Richard to meet with the vocational rehabilitation counselor and also found the conditions set forth by claimant Richards letter agreement reasonable.
The defendants appealed the decision of the WCJ. On appeal, the Third Circuit held:
[T]he WCJ [was not restricted from] exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed.
Id. 2002-1342, p. 3, 842 So.2d at 526.
The Court in Crain did not opine that a letter agreement was mandatory in every case, nor did the Court reason that a vocational rehabilitation counselor must agree to a “Crain” type agreement in every case. The decision in Crain was based upon the factual findings in that particular case. The opinion in Crain was based upon the conclusion that “the agreement presented to the vocational rehabilitation counselor was reasonable.” Id. We find that Crain is distinguished from the case sub judice. The WCJ in Crain evaluated the facts and evidence specific to Crain and rendered his decision accordingly; in the case before us, we do the same. Mendoza contends that the letter agreement he presented to Ms. Reish was modeled after the agreement in Crain and was therefore, reasonable. This Court disagrees. Unlike the WCJ in Crain, in her evaluations of the letter agreement in |8the case at bar, the WCJ found three of the items included in the letter agreement unreasonable and beyond the scope of La. R.S. 23:1226. We agree with the WCJ and therefore find *606 that the letter agreement was unreasonable.
Requirement “D” in the letter agreement provided that Mendozas attorney be a part of all oral conversations between Ms. Reish and Leons Plumbing, their insurer, representative or attorney, further requiring that no secret conversations take place. The WCJ opined that requirement “D” was cumbersome on the vocational rehabilitation counselor because it required Mendozas attorney to participate in all oral conversations regarding the case [1] The WCJ further held that this requirement would be an unsupported expansion of the law because it is not mandated by legislation; therefore it is unreasonable.
The WCJ also found that requirement “J” of the letter agreement is an unreasonable requirement because it requires Ms. Reish to be accountable for the employers and insurers dealings instead of just her own. Requirement “J” in the letter agreement requested that Ms. Reish guarantee that neither she nor her firm have any connection with Leons Plumbing, Mendo-zas employer, except that she was chosen as the vocational rehabilitation counselor and paid by the employer for that rehabilitation. The WCJ felt that this requirement made Ms. Reish accountable for the connections between her firm and Mendo-zas employer, which is unreasonable. Ms. Reish is not in the position to guarantee any business connections outside of the scope of her own; therefore a requirement of such a guarantee is an unreasonable burden.
Finally, requirement “I” in the letter agreement provides that “No other person has provided vocational rehabilitation in this case.” The WCJ held that ^requirement “I” is unreasonable because the vocational rehabilitator cannot assure that no other vocational rehabilitation counselor provided vocational rehabilitation to Mendoza in the current case. The court reasoned that this is beyond the scope of Ms. Reishs ability to assure and is irrelevant to the treatment of the injured employee.
We agree with the WCJ that the aforementioned requirements of the Mendozas letter agreement were unreasonable. In addition to the WCJs findings, we also find requirements “B” and “E” to be unreasonable, as they do not provide a set standard to determine Ms. Reishs compliance with the requirements in the letter agreement. Requirement “B” requests that the vocational rehabilitation counselor agree to only ask questions, which are relevant to the rehabilitation. As written, Requirement “B” is too vague. The question becomes who determines what is or is not relevant to the vocational rehabilitation of the claimant.
The lack of standards makes the requirement unreasonable because of the burden it places upon the vocational rehabilitation counselor to decipher what is relevant to the rehabilitation and what is not. Further, Mendoza and his attorney stipulate in requirement “E” that Mendoza is only to be subject to jobs that are “appropriate.” Without a standard for determining what exactly constitutes “appropriate,” the burden placed upon the vocational rehabilitation counselor is too great; therefore we also find this requirement to be unreasonable.
Based upon Crain we can determine that on a case-by-case basis, a request by a claimant for his vocational rehabilitation counselor to enter into a *607 reasonable letter agreement prior to the commencement of counseling does not necessarily constitute refusal of rehabilitation. However, Crain is easily distinguished from hnthe present case, in that we find the letter agreement in the case at bar, unreasonable, therefore, constituting refusal of treatment and a failure to participate in vocational rehabilitation.
The standard of review in evaluating factual decisions in workers’ compensation cases is manifest error. It precludes the setting aside of a trial court’s findings of fact unless they are clearly wrong in light of the record reviewed in its entirety. Matthews v. Taylor Temporary, Inc., 97-1718, p. 1 (La.App. 4 Cir. 2/11/98), 707 So.2d 1021, 1022, citing Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710.
In the present ease, in light of the record reviewed in its entirety, we find that the WCJ was not manifestly erroneous or clearly wrong in finding that Mendoza’s acts did not constitute obstruction to and a refusal of vocational rehabilitation. The letter agreement prepared by Mendoza’s attorney and presented to Ms. Reish was based upon the exact wording presented by claimant’s attorney in Crain, in which both the WCJ and the Third Circuit Court of Appeal found reasonable. Although in the present case the WCJ found the letter agreement partially unreasonable, we disagree with the finding in Crain. We find that the letter agreement, with the required signature, would have in essence created a binding document governing the relationship of the vocational rehabilitation counselor and the claimant. Although case law dictates it is not unreasonable to require a vocational rehabilitation counselor to sign a letter agreement, which is drafted to ensure that the vocational rehabilitation counselor act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed, the creation of a contractual relationship through these demands in a letter agreement is unsupported. Crain Brothers, Inc. v. Richard, 02-1342, p. 3 (La.App. 3 Cir. 4/9/03) 842 So.2d 523, 526.
“Refusal to accept rehabilitation as deemed necessary by the workers’ compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earning benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal.” La. R.S. 23:1226(E). A workers’ compensation claimant’s supplemental earnings benefits (SEBs) will be reduced retroactively by 50% for each week that he refuses rehabilitation services. See Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 15-16 (La.7/1/97), 696 So.2d 551, 559-60. The standard for reduction is a factual determination by the court based upon the evidence presented. Therefore, after careful review of the record in the case sub judice, we affirm the trial court’s holding that claimant’s benefits should not be reduced by fifty percent (50%).
The appellants also assert that the WCJ committed error by ordering them to choose a different vocational rehabilitation counselor who would agree to sign the letter agreement presented by Mendoza. The appellants argue that this issue was not one presented to the WCJ for adjudication and further, it is contrary to La. R.S. 23:1226. La. R.S. 23:1226 dictates “The Employer shall be responsible for the selection of a vocational counselor to evaluate and assist the employee in his job placement or vocational training.” La. R.S. 23:1226 B(3)(a). We find the WCJ committed manifest error in stipulating the employer’s choice of vocational rehabilitation counselors. Based upon the record, *608 it is evident that Ms. Reish’s qualifications were not in question by either party; thus her competence to | ^rehabilitate Mendoza was not at issue.[2] Ms. Reish was chosen by Leon’s Plumbing, to provide vocational rehabilitation in accordance with La. R.S. 23:1226. Further, La. R.S. 23:1226 B(3)(a) provides a means of recourse for an injured employee who disputes the work of the vocational rehabilitation counselor, by allowing the employee to file a claim with the office to review the need for such services or the quality of services being provided. Therefore, we find that the WCJ exceeded her authority under La. R.S. 23:1226 by requiring the appellants choice to be altered to fit the criteria in which the employee Mendoza, desired. The claimant’s attorney cannot dictate which vocational rehabilitation counselor the employer may choose, as the Legislature has provided that such a choice remains with the employer. Only in the event that the employer does not timely provide rehabilitation training is the WCJ permitted to require the insurer or self-insured employer to designate a rehabilitation provider. Leon’s Plumbing’s selection of a qualified vocational rehabilitation counselor was timely; therefore we find the employer’s right to select the vocational rehabilitation counselor should not be impacted by Mendoza’s unreasonable requirements.

CONCLUSION

For the foregoing reasons, the trial court’s finding that the benefits of claimant, Mendoza, were not to be reduced by fifty percent (50%) is affirmed. The trial court’s finding that the letter agreement was reasonable and the trial court’s ordering Leon’s Plumbing to find a vocational rehabilitation counselor who would sign the letter agreement is reversed. In accordance with La. R.S. 23:1226, the 113employer, Leon’s Plumbing, shall select the vocational rehabilitation counselor to evaluate and assist the employee in his job placement or vocational training.
AFFIRMED IN PART; REVERSED IN PART
MURRAY, J., concurs and assigns reasons.

. The stipulated parties include the employer, the insurer and their representatives or attorney.

. The record indicates Ms. Reish was presented to the court as an expert in the field of vocational rehabilitation based upon her curriculum vitae, without any objection from opposing counsel.