I!MURRAY, J„
CONCURS AND ASSIGNS REASONS.
In Crain Brothers, Inc. v. Richard, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523, the Third Circuit held merely that La. R.S. 23:1226 does not restrict a WCJ from requiring a vocational counselor to agree to certain terms. However, La. R.S. 23:1226 clearly does not require a vocational counselor to agree to any conditions prior to providing rehabilitation services; rather, the statute provides that an employee may file a claim with the Office of Worker’s Compensation if a dispute arises regarding the quality of the services provided by the counselor or the necessity for such services. See La. R.S. 23:1226(B)(3)(a); Interiano v. Fernando Pastrana Construction, 04-430 (La.App. 5 Cir. 10/26/04), 887 So.2d 547. In Interi-ano, the Fifth Circuit recently affirmed the WCJ’s refusal to reduce a claimant’s benefits because the claimant had declined to participate in rehabilitation counseling until the counselor signed an agreement similar to the one in Crain. The WCJ in Interiano reasoned that because the rehabilitation counselor had not yet performed the services, it was premature for the court to render a decision based upon *609 speculation that the counselor might not do her job properly. Affirming the WCJ, the Fifth Circuit emphasized that the Crain decision, which the court noted is not binding but only persuasive, does not mandate that a [{.vocational counselor must agree to certain terms prior to the performance of rehabilitation services.
I agree with the reasoning of the Fifth Circuit in Interiano that the Crain decision does not alter the requirements of La. R.S. 23:1226. On this basis, I respectfully concur in the result reached by the majority-