STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 05-527


LINDA MOODY

VERSUS

ABROM KAPLAN MEMORIAL HOSPITAL


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF VERMILION, NO. 04-07644
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and
J. David Painter, Judges.


**AFFIRMED.**


**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellee:**
**Linda Moody**

**Christopher H. Hebert**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, #210**
**Lafayette, La 70503**
**(337) 981-0309**
**Counsel for Defendant/Appellant:**
**Abrom Kaplan Memorial Hospital**

**EZELL, JUDGE**.

In this workers' compensation matter, Abrom Kaplan Memorial Hospital (AKMH) appeals the decision of the workers' compensation judge setting conditions upon the vocational rehabilitation counselor assigned to its employee, Linda Moody. AKMH claims that the workers' compensation judge imposed unreasonable conditions upon the counselor and that it had no authority to force the conditions upon him. We disagree, and for the following reasons, affirm the decision of the workers' compensation judge.

Linda Moody injured her back in the course and scope of her employment with AKMH. Eventually, it was requested by the employer that Ms. Moody meet with a vocational rehabilitation counselor, Glen Guidry. After meeting with Mr. Guidry several times, Ms. Moody attained counsel. Through her attorney, in a letter dated June 2, 2004, Ms. Moody requested that certain conditions, as set out in *Crain Brothers, Inc. v. Richard*, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523, be followed in order for Mr. Guidry to remain her vocational rehabilitation counselor. Mrs. Moody's attorney specifically requested that:

> (A) That your meetings with my client be held at my office at Crowley, Louisiana.
>
> (B) That you agree not to question my client as to any facts other than those facts necessary to provide vocational rehabilitation under La. R.S. 23:1226.
>
> (C) That I will be simultaneously copied on all documents sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence.
>
> (E)(sic) That I will be a party to all oral conversations between you and the employer, insurer or their representative or attorney. (There will be no secret conversations between yourself and the employer or insurer or their representatives.)
>
> (F)(sic) That you will not subject my client to jobs which are inappropriate.

(G)(sic) That you will upon request provide your entire file for copying or provide a copy of your entire file without charge.

(H)(sic) That you understand that although you were selected by and are paid by my clients' employer/insurer, you are dedicated to finding a job for my client which client can obtain and also continue to perform.

(I)(sic) That the purpose of the vocational rehabilitation you provide is for the benefit of my client, who is also your client.

(J)(sic) No other person has provided vocational rehabilitation in this case.

(K)(sic) That you or your firm has no connection, directly or indirectly, with my client's employer or insurer or their agents, except that you were chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.

Mr. Guidry refused to comply with these conditions. Mr. Guidry then set up a vocational rehabilitation conference with one of Ms. Moody's physicians, Dr. John Budden. In response, Ms. Moody sought a motion to quash the conference and filed a motion to set guidelines for rehabilitation.

After a hearing, the workers' compensation judge granted the motion to quash the rehabilitation conference with Dr. Budden, and granted the motion to set guidelines, finding the conditions sought by Ms. Moody to be reasonable and imposing them upon Mr. Guidry. From this decision AKMH appeals.

AKMH asserts as its lone assignment of error that the workers' compensation judge erred in granting Ms. Moody's motion to quash and motion to set guidelines, claiming that the conditions imposed by the workers' compensation judge were unreasonable, and that he lacked the authority to impose such conditions. For the following reasons, we disagree.

A workers' compensation judge's factual findings are reviewed pursuant to the manifest error-clearly wrong standard of review. *Sharbono v. Fire Safety Sales and Serv.*, 04-265 (La.App. 3 Cir. 9/29/04), 883 So.2d 1066, *writ denied*, 04-2661 (La.

2

1/28/05), 893 So.2d 73. In applying this standard, "we must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one." *Jackson v. Wal-Mart Stores, Inc.*, 03-1054, p.5 (La.App. 5 Cir. 2/10/04), 868 So.2d 813, 818, *quoting* Hookfin v. Advantage Nursing Servs., Inc., 03-340 (La.App. 5 Cir. 10/15/03), 860 So.2d 57.

In *Crain Brothers Incorporated v. Richard*, 02-1342, p.3 (La.App. 3 Cir. 4/9/03), 842 So.2d 523, 526, this court ruled that La. R.S. 23:1226, "considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed." This court stands by that determination. However, as noted in *Interiano v. Fernando Pastrana Construction*, 04-430, p.4 (La.App. 5 Cir. 10/26/04), 887 So.2d 547, 549, we "did not hold that the conditions set forth by the claimant's counsel were mandatory in every case or that they should be 'deemed necessary by the hearing officer' in every situation." We simply found "that La. R.S. 23:1226 does not restrict the worker's compensation judge from requiring a vocational counselor to agree to certain terms," and we found no manifest error in the worker's compensation judge's finding that the conditions set forth by the claimant's counsel under those circumstances were reasonable. *Id.*

The conditions determined to be reasonable in *Crain Brothers* are the exact conditions found to be reasonable by the workers' compensation judge in this matter. As in *Crain Brothers*, there is simply nothing included in the record which indicates that the workers' compensation judge committed manifest error in determining these conditions to be reasonable under the facts of this case.

3

We hereby affirm the decisions of the workers' compensation judge. Costs of this appeal are assessed against AKMH.

**AFFIRMED.**