McCLENDON, J.
12Claimant, John Anderson, appeals a decision of the Office of Workers’ Compensation reducing his weekly compensation benefits by fifty percent for refusing to undergo vocational rehabilitation services. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On November 19, 1999, Mr. Anderson sustained a back injury while in the course and scope of his employment with Eckerd Corporation. As a result, Mr. Anderson underwent surgery for a herniated disc. Thereafter, Eckerd retained the services of a licensed vocational counselor, Jamie Primeaux, to render vocational rehabilitation services to Mr. Anderson.
A disputed claim for compensation was filed by Mr. Anderson on August 28, 2001, in which he alleged the “[fjailure to pay worker’s compensation benefits, and/or failure to provide medical treatment properly, and/or failure to provide worker’s compensation properly, and/or penalties and attorney’s fees.” On September 22, 2004, Eckerd filed a Motion to Compel Rehabilitation Conference, asserting that claimant’s counsel demanded that Ms. Pri-meaux sign a contract dictating the terms of the rehabilitation, that, after reviewing the contract, Ms. Primeaux advised claimant’s counsel that she did not agree to all of its terms as they were not specified under the rehabilitation statute, LSA-R.S. 23:1226, that claimant had been released to return to work, and that despite an effort to compromise, the vocational process had come to a “screeching halt” because of claimant’s refusal to meet with the vocational counselor for evaluation. In response, on October 5, 2004, Mr. Anderson filed a Motion to Quash Rehabilitation Conference, in which he contended that Ms. Primeaux was selected by Eckerd to provide vocational services to Eckerd and not to Mr. [¡¡Anderson, and that Ms. Pri-meaux did not have the consent or authority from Mr. Anderson to provide vocational rehabilitation services on his behalf. On October 12, 2004, Eckerd filed a Motion to Reduce Weekly Compensation Benefits for Failure to Cooperate with Vocational Rehabilitation, asserting that it had attempted to provide vocational rehabilitation services to Mr. Anderson pursuant to LSA-R.S. 23:1226, but that all efforts had been thwarted by claimant’s counsel. Eckerd requested an order reducing Mr. Anderson’s weekly benefits by fifty percent until Mr. Anderson agreed to accept the vocational rehabilitation services.
On December 10, 2004, following a hearing on the pending motions, and for reasons orally assigned, the workers’ compensation judge ordered: 1) that the motion to compel the rehabilitation conference and the motion to reduce weekly benefits be granted; 2) that Mr. Anderson be compelled to cooperate with vocational rehabilitation and appear for evaluation by Ms. Primeaux within fifteen days; 3) that the vocational counselor’s activities be governed by the Louisiana Workers’ Compensation Act and the ethics code of her pro *388 fession, but that the vocational counselor would not be required to be bound by any additional contract or terms dictated by plaintiff; 4) that indemnity benefits to Mr. Anderson were to be reduced by fifty percent retroactive to September 22, 2004, and would continue until Mr. Anderson submitted himself for vocational rehabilitation evaluation; and 5) that plaintiffs motion to quash the rehabilitation conference be denied.[1] Plaintiff appealed, assigning as error the fifty percent reduction in his weekly benefits.
| STANDARD OF REVIEW
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Smith v. Louisiana Dep’t of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Banks, 96-2840 at pp. 7-8, 696 So.2d at 556; Freeman, 93-1530 at p. 5, 630 So.2d at 737; Stobart v. State, Through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Banks, 96-2840 at p. 8, 696 So.2d at 556; Stobart, 617 So.2d at 883. Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks, 96-2840 at p. 8, 696 So.2d at 556; Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
DISCUSSION
On appeal, Mr. Anderson contends that the workers’ compensation judge erred in reducing his weekly compensation by fifty percent under LSA-R.S. 23:1226. He first asserts that at no time did he refuse to cooperate with vocational rehabilitation. Secondly, he contends that, as a matter of law, the fifty-percent reduction cannot be assessed because there was no ^previous order by the workers’ compensation judge to comply with rehabilitation efforts. We disagree with Mr. Anderson in both respects.
Eckerd attached to its motion to reduce compensation benefits the affidavit of Ms. Primeaux in which she attested that she is a licensed Louisiana vocational rehabilitation counselor; that she was retained to perform vocational rehabilitation services for Mr. Anderson; that she scheduled a rehabilitation conference with Dr. Jorge Isaza for November 2, 2004, to discuss medical information regarding Mr. Anderson’s work injury and related surgery, specifically, his MMI status, future treatment needs, and return to work status for the purposes of providing rehabilitation services; that she invited Mr. Anderson, through his attorney, Michael Miller, to attend the rehabilitation conference; that she was advised by Dr. Isaza’s office that Mr. Miller had ex parte and unilaterally communicated to Dr. Isaza *389 that Ms. Primeaux did not have the authority to provide services on behalf of Mr. Anderson, and that Dr. Isaza should disregard any correspondence from Ms. Pri-meaux; and that as a result, Dr. Isaza cancelled the scheduled rehabilitation conference with Ms. Primeaux. Also submitted with the motion were copies of the correspondence to Dr. Isaza and to Mr. Miller from Ms. Primeaux scheduling the rehabilitation conference, as well as the letter, dated September 22, 2004, to Dr. Isaza from Mr. Miller telling Dr. Isaza to disregard any correspondence from Ms. Primeaux.[2]
Mr. Anderson asserts that at no time did he refuse to cooperate with vocational rehabilitation. He argues that in fact it was the vocational |ficounselor who refused to provide vocational rehabilitation because she refused to comply with the conditions of rehabilitation as set forth by Mr. Anderson’s attorney, and which had been found to be reasonable in Crain Brothers, Inc. v. Richard, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523.[3] The workers’ compensation judge found otherwise and determined that Mr. Anderson, based on the actions of his counsel, unreasonably refused rehabilitation services. The trial stated in its oral reasons:
[T]he court finds that the September 22nd letter to Dr. Isaza placed a complete roadblock in the way of voeational rehabilitation services and was unreasonable. Based upon that action taken by claimant’s counsel to completely block the road of vocational rehabilitation services, the court finds a 50 percent reduction is reasonable and necessary in this case, retroactive to September 22, 2004 and that reduction will remain in place until vocational rehabilitation services are started with Ms. Prim[eaux]. And I’m ordering that those services be implemented as soon as possible. I’m ordering that the claimant appear and fully cooperate in good faith with all vocational rehabilitation services provided in this case.
After a thorough review of the record, we conclude that the workers’ compensation judge’s findings, that vocational rehabilitation services were necessary and that Mr. Anderson refused said services, are reasonable. Accordingly, we cannot say these factual findings are manifestly erroneous or clearly wrong.
Mr. Anderson argues, however, that even if his actions are found to be unreasonable in that he refused rehabilitation services, his benefits cannot be reduced, as there was no previous order that vocational rehabilitation was necessary. We disagree.
^Louisiana Revised Statute 23:1226 currently provides, in pertinent part:
*390 A. When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. Vocational rehabilitation services shall be provided by a licensed professional vocational rehabilitation counselor, and all such services provided shall be compliant with the Code of Professional Ethics for Licensed Rehabilitation Counselors as established by R.S. 37:3441 et seq.
B. (1) The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs.
[[Image here]]
(3)(a) The employer shall be responsible for the selection of a licensed professional vocational rehabilitation counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, or a dispute arises concerning the work of the vocational counselor, the employee may file a claim with the office to review the need for such services or the quality of services being provided. The procedure for hearing such claims shall be expedited as provided in R.S. 23:1124.
[[Image here]]
(c) The expedited procedure shall also be made available to the employer to require the employee’s cooperation in the rehabilitation process. Refusal to accept rehabilitation as deemed necessary by the worker’s compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal. (Emphasis added.)
Mr. Anderson suggests that in order for the fifty percent reduction to be assessed retroactively, he would have had to refuse to accept rehabilitation as deemed necessary by an earlier order of the workers’ compensation judge. In support of his position, he again cites the Crain case. Initially, we note that Crain is distinguishable on its facts as the workers’ compensation judge in that matter did not find a refusal on the part |sof the claimant to accept rehabilitation, and the third circuit found no manifest error in that factual finding.
Further, in Banks, 96-2840 at pp. 15-16, 696 So.2d at 559-60, the supreme court, in accordance with LSA-R.S. 23:1226, reduced benefits retroactively by fifty percent for each week that the claimant refused rehabilitation services until the claimant agreed to accept such services. The supreme court determined that the claimant refused all rehabilitation services, based on the ill-founded advice of his counsel, and stated that “[t]his arbitrary refusal of rehabilitation services cannot inure to the benefit of the employee, who has sought, in the courts below and, now, in this Court, the very rehabilitation services that he has steadfastly refused from the employer.” Banks, 96-2840 at pp. 15-16, 696 So.2d at 559-60.
Similarly, in Ramogasse v. Lafitte Welding Works, 93-682, pp. 10-11 (La.App. 5 Cir. 12/13/95), 666 So.2d 1176, 1180, the fifth circuit upheld the decision of the workers’ compensation judge to reduce claimant’s benefits retroactively by fifty percent. The court of appeal found that the evidence presented supported the finding that the claimant rejected necessary rehabilitation services and, therefore, there was no error in reducing the claimant’s benefits by fifty percent from the *391 date of his refusal to undergo rehabilitation training. See also First Baptist Church of Lake Arthur v. Fontenot, 98-1158, p. 12 (La.App. 3 Cir. 2/3/99), 736 So.2d 230, 238.
Also, in City of Jennings v. Clay, 98-225, pp. 7-8 (La.App. 3 Cir. 10/14/98), 719 So.2d 1164, 1167-8, the workers’ compensation judge, after finding a refusal to accept rehabilitation, ordered rehabilitative services, but did not reduce benefits. The third circuit reversed as to the denial of the reduction in benefits. The court stated that it found nothing to disallow the | nmandatory reduction of benefits required by LSA-R.S. 23:1226 and, accordingly, found error in the workers’ compensation judge’s failure to impose the reduction in benefits retroactive to the date claimant refused services.
After a thorough review of the record, we find the workers’ compensation judge did not err in ordering that Mr. Anderson’s benefits should be reduced by fifty percent from September 22, 2004 (the date of Mr. Miller’s letter to Dr. Isaza telling him to disregard any correspondence from Ms. Primeaux), until he cooperates with vocational rehabilitation services. The workers’ compensation judge deemed vocational services necessary and ordered same. Nothing in the statute prevents a reduction in benefits as presented under the facts of this case and, in fact, said reduction helps to accomplish the stated goal of rehabilitation services to return a disabled worker to work as soon as possible. LSA-R.S. 23:1226.
CONCLUSION
For the above reasons, the December 20, 2004 judgment of the Office Workers’ Compensation, reducing Mr. Anderson’s workers’ compensation benefits from September 22, 2004, until Mr. Anderson submits himself for a vocational rehabilitation evaluation, is affirmed. Costs of this appeal are assessed against John Anderson.
AFFIRMED.
WHIPPLE, J., dissents with reasons.

. September 22, 2004 is the date of the letter written by claimant’s counsel to the doctor with whom the vocational rehabilitation counselor was trying to schedule a rehabilitation conference, in which counsel advised the doctor to disregard any correspondence from the rehabilitation counselor.

. The letter by Mr. Miller to Ms. Primeaux, requesting that she comply with certain conditions, was apparently part of a group of letters admitted into evidence at the hearing on the motions, but which are not part of the record on appeal. Also, a copy of the code of professional ethics for vocational rehabilitation counselors was admitted into evidence at the hearing, but is not in the record. However, we need not address the omission in the record as the evidence is not necessary for our decision herein.

. While Mr. Anderson seems to argue on appeal that Crain mandates the vocational rehabilitation counselor in this matter to comply with the same conditions, we note that the third circuit's decision in Crain did not require the vocational rehabilitation counselor to agree to certain terms before the performance of rehabilitation services. The court in Crain simply found no manifest error in the workers’ compensation judge’s finding that the conditions set forth by claimant's counsel were reasonable. See Crain, 02-1342 at p. 3, 842 So.2d at 525-26. See also Interiano v. Fernando Pastrana Const., 04-430, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 547, 549.