# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 11-836


ELLIS HARGRAVE

VERSUS

STATE OF LOUISIANA


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, DOCKET NO. 06-04633
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.


**AFFIRMED, AS AMENDED**.


**Gremillion, J., concurs in part and dissents in part and assigns written reasons.**


Michael Benny Miller
Miller & Miller
P.O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLEE:
     Ellis Hargrave

Sylvia M. Fordice
Assistant Attorney General
556 Jefferson Street, 4th Floor
Lafayette, LA 70501
(337) 262-1700
COUNSEL FOR DEFENDANT/APPELLANT:
     State of Louisiana

**COOKS, Judge.**

The State of Louisiana, through the Department of Transportation and Development (DOTD) appeals the order of the Workers' Compensation Judge (WCJ) requiring Ellis Hargrave, its employee currently receiving workers' compensation benefits, to submit to vocational rehabilitation counseling subject to the limitations set forth in this court's opinion in *Crain Bros., Inc. v. Richard*, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523. For the reasons that follow, we affirm, as amended.

## FACTS

This dispute originated on June 29, 2005, when Hargrave alleges he was injured while working for DOTD. This Court has heard aspects of this case before. *See Hargrave v. State through Dep't of Transp. And Dev.*, 09-818 (La.App. 3 Cir. 4/7/10), 35 So.3d 437, *writ granted*, 10-1044 (La. 9/17/10), 45 So.3d 1034, *affirmed*, 10-1044 (La. 1/19/11), 54 So.3d 1102.

DOTD sought to obtain vocational rehabilitation counseling for Hargrave. Difficulty arose when the original counselor, who had begun services, severed his relationship with the agency that DOTD contracted with for such services. A second counselor was unsuccessful in arranging an appointment with Hargrave. DOTD then retained Elier A. Diaz to provide vocational rehabilitation services to Hargrave. The retention of Diaz also fostered some difficulty, prompting Hargrave to file a Motion and Order to Quash Conference. The WCJ appointed Diaz as the vocational rehabilitation counselor in the case by an order signed on July 20, 2009.

Subsequently, DOTD filed an expedited rule to show cause why Hargrave should not be ordered to cooperate with Diaz or be subject to reduction of his workers' compensation benefits. The crux of the dispute was Hargrave's insistence that the counseling be subjected under the terms approved by this Court in *Crain Brothers*, 842 So.2d 523. The rule was heard, and Hargrave was

compelled to cooperate with Diaz, but under the conditions approved in *Crain Brothers*. This appeal ensued, wherein DOTD asserts the WCJ erred in ordering the counseling to proceed under the *Crain Brothers* conditions, several of which it contends are vague and contrary to the law.

## ANALYSIS

Providing vocational rehabilitation services to injured workers is a fundamental aspect of workers' compensation. Injured employees who are unable to earn wages equal to what they earned before they were injured are entitled to "prompt rehabilitation services." La.R.S. 23:1226(A). Section 1226 mandates that such services be provided by a licensed vocational counselor. Those services must be provided by the counselor in accordance with the Code of Professional Ethics for Licensed Rehabilitation Counselors, found in La.Admin.Code 46:LXXXVI.1601 *et seq.* Section 1226 also prioritizes the appropriate options that must be chosen for the worker, including returning him to the same position, returning him to a modified position, returning him to a related occupation suited to his skills and education, various educational options, and, finally, self-employment.

DOTD acted on its obligation to provide rehabilitation services to Hargrave. In response, Hargrave demanded the following conditions precedent to his accepting rehabilitation services:

> (A) That meetings be held at my office at Hargrave's attorney's office;

> (B) That Diaz agree not to question Hargrave "as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226";

> (C) That Hargrave's attorney "will be simultaneously copied on all documents sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence";

2

(D) That Hargrave's attorney be a party to all oral conversations between Diaz and the employer, insurer or their representative or attorney;

(E) That Diaz will not subject Hargrave "to jobs which are inappropriate;"

(F) That Diaz will upon request provide his entire file for copying or provide a copy of your entire file without charge;

(G) That Diaz understands that although he was selected by and paid by Hargrave's employer/insurer, he was dedicated to finding a job for Hargrave which Hargrave can obtain and also continue to perform;

(H) That the purpose of the vocational rehabilitation Diaz provides is for Hargrave's benefit;

(I) "No other person has provided vocational rehabilitation in this case;"

(J) That Diaz or his firm "has no connection, directly or indirectly," with DOTD, its insurer or their agents, except that it was chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.

These conditions are identical to the conditions approved by this court in *Crain Brothers.*

In *Crain Brothers,* 842 So.2d at 526, we ruled that La.R.S. 23:1226, "considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed." The implementation of the *Crain Brothers* conditions have been upheld in several decisions rendered by this Court. *See Luquette v. Clayborn Self*, 05-1367 (La.App. 3 Cir. 5/3/06), 929 So.2d 817; *Moody v. Abrom Kaplan Mem'l Hosp.*, 05-527 (La.App. 3 Cir. 12/30/05), 918 So.2d 1203. However, as noted in *Interiano v. Fernando Pastrana Construction*, 04-430, p.4 (La.App. 5 Cir. 10/26/04), 887 So.2d 547, 549, we "did not hold that the conditions set forth by the claimant's counsel were mandatory in every case or that they should be 'deemed necessary by

3

the hearing officer' in every situation." We simply found "that La.R.S. 23:1226 does not restrict the worker's compensation judge from requiring a vocational counselor to agree to certain terms," and we found no manifest error in the WCJ's finding that the conditions set forth by the claimant's counsel under those circumstances were reasonable. *Id*.

As in *Crain Brothers*, there is simply nothing included in the record which indicates that the WCJ committed manifest error in determining these conditions to be reasonable under the facts of this case, with the exception of condition (I). That condition provides "[n]o other person has provided vocational rehabilitation in this case." We find condition (I) is unreasonable because Diaz cannot assure that no other counselor provided vocational rehabilitation to Hargrave in the current case, given that two other vocational rehabilitation counselors have either attempted or performed vocational rehabilitation services. Thus, adherence to this condition is not possible in this case.

## DECREE

For the foregoing reasons, we affirm the WCJ's imposition of the conditions, with the exception that condition (I) is ordered stricken as it cannot be followed in this particular case. Costs of this appeal are taxed to the State of Louisiana, through the Department of Transportation and Development.

**AFFIRMED, AS AMENDED.**

4

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-836

ELLIS HARGRAVE

VERSUS

STATE OF LOUISIANA

**GREMILLION, Judge, concurs in part and dissents in part.**

The State of Louisiana through the Department of Transportation and Development (DOTD) appeals the order of the Workers' Compensation Judge (WCJ) requiring Ellis Hargrave, its employee currently receiving workers' compensation benefits, to submit to vocational rehabilitation counseling subject to the limitations set forth by the employee's lawyer and discussed in this court's opinion in *Crain Bros., Inc. v. Richard*, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523. The majority wishes to place the stamp of judicial imprimatur on applying this lawyer's conditions on all vocational rehabilitation consultations. For the reasons that follow, I dissent.

Providing vocational rehabilitation services to injured workers is a fundamental aspect of workers' compensation. Injured employees who are subsequently unable to earn wages equal to what they earned before they were injured are entitled to "prompt rehabilitation services." La.R.S. 23:1226(A). Section 1226 mandates that such services be provided by a licensed vocational counselor in accordance with the Code of Professional Ethics for Licensed Rehabilitation Counselors, found in La.Admin. Code 46:LXXXVI.1601 et seq. Section 1226 also prioritizes the appropriate options that must be chosen for the worker, including returning him to the same position, returning him to a modified position, returning him to a related occupation suited to his skills and education, various educational options, and, finally, self-employment.

DOTD acted on its obligation to provide rehabilitation services to Hargrave. In response, Hargrave's lawyer required certain conditions precedent to his accepting rehabilitation services: (A) That Diaz's meetings with Hargrave be held at his attorney's office in Crowley, Louisiana; (B) That Diaz agree not to question Hargrave "as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226;" (C) That Hargrave's attorney "will be simultaneously copied on all documents sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence;" (D) That Hargrave's attorney be a party to all oral conversations between Diaz and the employer, insurer, representative, or attorney; (E) That Diaz will not subject Hargrave "to jobs which are inappropriate;" (F) That Diaz will upon request provide his entire file for copying or provide a copy of his entire file without charge; (G) That Diaz understands that although he was selected by and paid by Hargraves's employer/insurer, he was dedicated to finding a job for Hargrave which Hargrave can obtain and also continue to perform; (H) That the purpose of the vocational rehabilitation Diaz provides is for Hargrave's benefit; (I) "No other person has provided vocational rehabilitation in this case;" and, (J) That Diaz or his firm "has no connection, directly or indirectly," with DOTD, its insurer or their agents, except that it was chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.

Our approval of these conditions in *Crain Brothers* was clearly premised on the finding in that particular case that the WCJ did not manifestly err in imposing the conditions.

The WCJ in Hargrave's case approved these restrictions on the rehabilitation services Diaz was to provide. In argument and in brief, Hargrave asserts that the sole justification for these restrictions is to prevent Diaz from conducting a "sham rehabilitation." Hargrave cites a plethora of cases in which courts found that the

2

rehabilitative services were not being provided as the legislature intended. The cited jurisprudence indicates that courts recognize "sham rehabilitations" when they are perpetrated. Sham rehabilitation efforts do occur, but the law does not presume that all rehabilitation efforts seek this end.

Nevertheless, I find that certain conditions imposed by the WCJ would prevent misconduct by the counselor. The counselor's job is to find real alternatives for the injured employee and not to act as a litigation consultant to the employer. I find no manifest error in the requirement that Hargrave's attorney be a party to any discussions about his client or that he be copied simultaneously with all correspondence from Diaz pertaining to anyone concerning Hargrave (restrictions (C) and (D)). The condition that Diaz understand and agree that his client is Hargrave, restriction (G), comports with Canon 2 of the Code of Professional Ethics for Licensed Rehabilitation Counselors. La.Admin. Code 46:LXXXVI.1602. A restriction that requires the counselor to abide by cannons of ethics, which are referenced in La.R.S. 23:1226, is necessary, but it cannot be unreasonable. Likewise, the requirements that the purpose of Diaz's consultation is to find a suitable job for Hargrave, restriction (G), and that the purpose of the consultation is to benefit Hargrave, restriction (H), clearly conform to the purpose expressed in La.R.S. 23:1226 and are thus unnecessary but not unreasonable.

However, it is impossible for Diaz to abide by restriction (I) because two others have already attempted, and one to a certain degree accomplished, the performance of vocational rehabilitation services for Hargrave. It was manifest error to impose this restriction on Diaz.

I also find it manifestly erroneous to impose any restriction on the counselor that impedes the rehabilitation process or that is vague. For instance, restriction (E) impedes the rehabilitation process. The counselor is required to determine whether a job is "appropriate" for the injured employee, and if the employee disagrees, the

3

WCJ then makes that determination. This restriction, the violation of which could subject Diaz to sanction, serves to chill the actions of the counselor, who will have to second-guess whether he has violated an order of the WCJ.

Similarly, restriction (B) fails to specify what is off-limits in terms of the counselor's questioning of the employee. The restriction does not provide the counselor with standards sufficient to allow Diaz to determine his compliance. *See Mendoza v. Leon's Plumbing Co.*, 04-0189 (La.App. 4 Cir. 12/22/04), 892 So.2d 600.

I find no manifest error in requiring Diaz make his file available for copying, restriction (F), but do find that the WCJ did manifestly erred in requiring that said copying be at Diaz's expense. The party seeking copies customarily is required to pay for them. If Hargrave prevails at trial, those copies can be taxed as costs of court. Furthermore, while shifting this expense burden helps keep litigation dollars in Hargrave's pocket, it does absolutely nothing to prevent the alleged ill of "sham rehabilitations."

Restriction (A), the requirement that all meetings take place at Hargrave's attorney's office, is primarily intended to convenience Hargrave's counsel, not to prevent the perpetuation of a "sham." Nevertheless, I find no manifest error in the WCJ's ruling.

Conversely, restriction (J), which requires an affirmation that neither Diaz nor his "firm" has a "connection" with DOTD, is impermissibly vague. Without a more definite statement as to what form of "connection" between Diaz or his firm and DOTD is prohibited, the restriction is unreasonable.

The decision of the WCJ to impose restrictions on vocational rehabilitation services is reviewed under the manifest error standard. But those restrictions must adequately inform the counselor of the duties imposed and the practices proscribed. They may not be vague. Further, the decision to impose restrictions on

4

rehabilitative services must not impede the rehabilitative process. No boilerplate list of restrictions has heretofore been given sanction in all cases; the decision to impose restrictions must be made on a case-by-case basis.

I would affirm the WCJ's imposition of restrictions (A), (C), (D), (F), (G), and (H), subject to the aforementioned amendment, and reverse the imposition of restrictions (B), (E), (I), and (J).