STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1367


RHONDA A. LUQUETTE

VERSUS

CLAYBORN SELF D/B/A BLOCKBUSTER


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF VERMILION, NO. 05-02913
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

James Clarence Lopez
GUGLIELMO, LOPEZ, TUTTLE, HUNTER & JARRELL, L.L.P.
P. O. Drawer 1329
Opelousas, LA 70571-1329
Telephone: (337) 948-8201
COUNSEL FOR:
    Defendants/Appellants - Clayborn Self d/b/a Blockbuster Video, et al.

Michael Benny Miller
Miller & Miller
P. O. Box 1630
Crowley, LA 70527-1630
Telephone: (337) 785-9500
COUNSEL FOR:
    Plaintiff/Appellee - Rhonda A. Luquette

THIBODEAUX, Chief Judge.

Defendant-employer, Clayborn Self d/b/a Blockbuster Video (Blockbuster), and its insurance company, Bridgefield Casualty Insurance Company (Bridgefield), appeal a judgment of the Office of Workers' Compensation (OWC) that the conditions Plaintiff-claimant, Rhonda Luquette (Ms. Luquette), requested her vocational rehabilitation counselor to accept were reasonable. Blockbuster claims that the conditions were unreasonable, and that the imposition of such conditions equaled a refusal to participate in vocational rehabilitation by Ms. Luquette, warranting a fifty-percent reduction in her workers' compensation benefits. For the following reasons, we affirm the judgment of the OWC.

## I.

## ISSUE

Did the workers' compensation judge (WCJ) commit manifest error by finding that Ms. Luquette did not fail to accept vocational rehabilitation by requesting that her vocational rehabilitation counselor accept certain conditions before Ms. Luquette would meet with her because those conditions were reasonable?

## II.

## FACTS

Ms. Luquette sustained employment-related injuries on June 30, 1999. The injury was reported on July 5, 1999. After the injuries were investigated, Blockbuster began providing workers' compensation benefits. Once her condition warranted it, a functional capacity evaluation was performed. This test revealed that Ms. Luquette was capable of some restrictive employment activities.

Blockbuster hired the firm of Gisclair & Associates in June of 2000 as part of its duty to select "a licensed professional vocational rehabilitation counselor

to evaluate and assist the employee in his job placement or vocational training." La.R.S. 23:1226(B)(3)(a). Rhonda Coffee was assigned to Ms. Luquette's case. Ms. Coffee obtained a second medical opinion and set up an independent medical examination. The record alludes to numerous contacts between Ms. Coffee and Ms. Luquette's attorney. It is unclear if any other services were provided before Ms. Coffee left Gisclair & Associates for other employment.

A second counselor was assigned to Ms. Luquette's case, Mona Brown. Ms. Brown contacted Ms. Luquette on December 17, 2004, via her attorney, requesting an initial interview. Ms. Luquette's attorney responded soon thereafter with a list of conditions that Ms. Brown would have to agree to before any contact could be made with, or on behalf of, Ms. Luquette. The conditions were requested because Ms. Luquette's attorney wanted to ensure that the vocational rehabilitation counselor would act in accordance with the governing statutes and the rules regulating the professional conduct of vocational rehabilitation counselors. Those conditions were as follows:

(A) That your meetings with my client will be held at my office at Crowley, Louisiana.

(B) That you agree not to question my client as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226.

(C) That I will be simultaneously copied on **all documents** sent to **anyone** concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence. (Emphasis in original).

(D) That I will be a party to all oral conversations between you and the employer, insurer, or their representative or attorney.

(E) That you will not subject my client to jobs which are inappropriate.

2

(F)     That you will upon request provide your entire file for copying or provide a copy of your entire file without charge.

(G)     That you understand that although you were selected by and are paid by my client's employer/insurer, you are dedicated to finding a job for my client which client can obtain and also continue to perform.

(H)     That the purpose of the vocational rehabilitation you provide is for the benefit of my client, who is also your client.

(I)      No other person has provided vocational rehabilitation in this case.

(J)      That you or your firm has no connection, directly or indirectly, with my client's employer or insurer or their agents, except that you were chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.

Ms. Brown replied that she would provide services in accordance with La.R.S. 23:1226, Rehabilitation of Injured Employees, and the standards of the Commission on Rehabilitation Counselor Certification. She also informed Ms. Luquette that she would work under no other contracts or conditions. However, she also stated that she had no objection to seven of the ten proposed conditions. Ms. Brown then proceeded to set up conferences with three of Ms. Luquette's physicians.

Ms. Luquette's attorney informed Ms. Brown that she was to do nothing further on behalf of Ms. Luquette since she did not agree to all of the requested conditions. He also demanded that Ms. Brown cancel the medical conferences she had set up with Ms. Luquette's physicians. Ms. Brown did not immediately cancel the physician conferences. On February 25, 2005, she attended the medical conference scheduled with Dr. Hodges. Ms. Luquette's attorney was also present at that meeting. He informed Dr. Hodges that Ms. Brown did not have Ms. Luquette's authority to act on her behalf. The meeting soon ended with the doctor declining to

3

work with Ms. Brown without his patient's consent. Ms. Brown cancelled the other two medical conferences.

In April of 2005, Blockbuster's insurer, Bridgefield, filed a Disputed Claim for Compensation with the Office of Workers' Compensation. In that claim, Bridgefield asserted that Ms. Luquette's demand that Ms. Brown agree to certain conditions before accepting Ms. Brown's services equaled a failure to cooperate with rehabilitation as required by La.R.S. 23:1226. Bridgefield requested that the court either order Ms. Luquette to cooperate with vocational rehabilitation or suffer a fifty-percent reduction in her benefits as required by La.R.S. 23:1226(B)(3)(c).

The OWC ordered Ms. Luquette to participate in vocational rehabilitation, and also ordered the vocational rehabilitation counselor, whether it be Ms. Brown or someone else, to comply with Ms. Luquette's requested conditions because those conditions were reasonable. Bridgefield filed an appeal from that judgment with this court.

III.

## LAW AND DISCUSSION

### Standard of Review

An appellate court reviews the factual findings of the WCJ according to the manifest error-clearly wrong standard of review. *Moody v. Abrom Kaplan Mem'l Hosp.*, 05-527 (La.App. 3 Cir. 12/30/05), 918 So.2d 1203. "[I]f the WCJ's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Lyons v. Bechtel Corp.*, 00-364, p. 7 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, 40, *writ denied*, 01-282 (La. 3/23/01), 787 So.2d 996.

4

This court has seen the ten conditions requested by Ms. Luquette before. They are the exact conditions that the injured worker requested the vocational rehabilitation counselor to accept in *Crain Brothers, Inc. v. Richard*, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523. In that case, as in this case, the WCJ found that the conditions were reasonable, and that the request that they be agreed to did not equal a failure by the employee to agree to the vocational rehabilitation services which are required by law. After reviewing La.R.S. 23:1226, this court found that the WCJ committed no error, nor was she clearly wrong, stating:

> [T]his provision when considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed.

*Id*. at 525-26.

This conclusion was affirmed in *Moody* when this court was confronted with the same requested conditions. In *Moody*, this court also clarified that by finding the WCJ's findings reasonable, we were not requiring the conditions in every case.

> "[A]s noted in *Interiano v. Fernando Pastrana Construction*, 04-430, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 547, 549, we "did not hold that the conditions set forth by the claimant's counsel were mandatory in every case or that they should be 'deemed necessary by the hearing officer' in every situation." We simply found "that La.R.S. 23:1226 does not restrict the worker's compensation judge from requiring a vocational counselor to agree to certain terms," and we found no manifest error in the worker's compensation judge's finding that the conditions set forth by the claimant's counsel under those circumstances were reasonable. *Id*.

*Moody*, 918 So.2d at 1205.

The WCJ committed no manifest error, nor was he clearly wrong in finding that Ms. Luquette did not fail to cooperate with vocational rehabilitation by

first requesting that the vocational rehabilitation counselor agree to certain conditions. In this case, those conditions were reasonable.

IV.

**CONCLUSION**

While we do not *require* vocational rehabilitation counselors to accept all of the conditions requested by the injured worker in *Crain*, *Moody*, and this case, we conclude that, in this case, the WCJ committed no error by requiring those conditions to be complied with by the vocational rehabilitation counselor. The WCJ committed no error in finding that the request to have those conditions agreed to prior to meeting with the vocational rehabilitation counselor did not constitute a failure on the part of Ms. Luquette to cooperate with vocational rehabilitation. The judgment of the OWC is affirmed, and the costs of this appeal are assessed in full to Defendants/appellants, Blockbuster and Bridgefield.

**AFFIRMED**.