# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-454

**MICHAEL C. PARRISH**

**VERSUS**

**VAN-TEL COMMUNICATIONS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 04-06570
HONORABLE SAM LOWERY, ADMINISTRATIVE HEARING OFFICER

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Glenn B. Gremillion and J. David Painter, Judges

**AFFIRMED**.

**Thomas B. Delsa**
**Attorney at Law**
**5100 Village Walk, Ste. 300**
**Covington, LA 70433**
**Counsel for Defendant-Appellant:**
        **Van-Tel Communications**

**James Patrick MacManus**
**Attorney at Law**
**P.O. Box 4708**
**Lafayette, LA 70502**
**Counsel for Plaintiff-Appellee:**
        **Michael C. Parrish**

**PAINTER, Judge**

The employer, Van-Tel Communications (Van-Tel), appeals the ruling of the workers' compensation judge (WCJ) finding that an on-the-job accident occurred while the employee, Michael Parrish, was in the course and scope of his employment, concluded that he is owed indemnity benefits, holding that Van-Tel was arbitrary and capricious in refusing to pay medical and weekly indemnity, and awarding penalties and attorney's fees. Finding no manifest error in this ruling, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 2, 2004, Parrish was working as a cable installer for Van-Tel. He lost control of an twenty-eight foot extension ladder while trying to move it and fell, injuring his shoulder and incurring a hernia. The employer did not pay benefits or medical expenses. Parrish filed a disputed claim for compensation in 2004. He returned to work in April 2006. A hearing was held in August 2006, which resulted in a ruling in Parrish's favor. Van-Tel appeals.

## DISCUSSION

*Fraud*

Van-Tel first asserts that the trial court erred in failing to find that Parrish made false statements for the purpose of obtaining workers' compensation benefits so as to forfeit his right to benefits under the provisions of La.R.S. 23:1208(E).

Van-Tel asserts that Parrish withheld and/or misrepresented information about previous accidents and injuries in order to receive workers' compensation benefits.

This court in *Doyal v. Vernon Parish Sch. Bd.*, 06-1088, pp. 6-7 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, 907-08, discussed the application of La.R.S. 23:1208:

> Louisiana Revised Statutes 23:1208, entitled "Misrepresentations concerning benefit payments; penalty," provides, in part:

1

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The above provision requires only "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment" before the forfeiture required by La.R.S. 23:1208 is applied. *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. A workers' compensation judge's determination as to the existence of the above factors will not be reversed on appeal absent manifest error. *Murphy v. Brookshire Grocery Co.*, 02-808 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157.

The trial court, in oral reasons for judgment, stated with regard to possible misrepresentations by Parrish, that:

The defense contends that Mr. Parrish outright lied about his pre-employment accidents, accusing him of "cleverly and craft[ily]" denying ever having suffered right shoulder pain prior to the ladder falling incident. I listened to Mr. Parrish carefully for the better part of the day, and the terms "clever and crafty" never came to my mind as approaching apt descriptors of the claimant. He is not particularly articulate, and his train of thought does seem at times trackless; but there is just no evidence that he set about to deliberately withhold information from his employer.

. . . .

While it's true that Mr. Parrish was involved in a car wreck previously, and his shoulder was injured to some degree; he explained that it was such a minor injury that he never sought treatment for it. And I cannot find in the medical records submitted any evidence by the defendant that this, in fact, was not true.

. . . . I find no statements from Dr. DeAraujo, Dr. Morrow, or anyone else, except the claimant, to support this employer's fraud claim.

After reviewing the record herein, we find that it supports the trial court's factual determination. Accordingly, we find no error in the trial court's determination as to fraud.

*Benefits*

Van-Tel next argues that Parrish failed to adduce sufficient evidence to show a causal connection between his shoulder injury and hernia and the on-the-job accident.

> "An employee in a worker's compensation action has the burden of establishing a causal link between the work-related accident and the subsequent disabling condition." *Miller v. Roger Miller Sand, Inc.*, 94-1151, p. 6 (La.11/30/94), 646 So.2d 330, 334. An employee's disability is presumed to have resulted from the accident if before the accident, the injured employee was in good health, but commencing with the accident, symptoms of the disabling condition appeared and continuously manifested themselves afterwards. *Walton v. Normandy Village Homes Ass'n, Inc.*, 475 So.2d 320 (La.1985). However, the presumption requires either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. *Id.*

*Marks v. 84 Lumber Co.*, 06-358, pp. 3-4 (La.App. 3 Cir. 9/27/06), 939 So.2d 723, 727.

The trial court, in its oral reasons for judgment, found that Parrish carried his burden of proof, as follows:

> Taking the extensive live testimony and the medical information into account, the Court finds that Michael Parrish has met his burden of proof showing a causal relationship between the June 2, 2004 incident and the hernia. The medical evidence on its face does not lend as much support to a connection between the shoulder injury and the incident, but the claimant's testimony is very persuasive, depicting a short man wrestling with a unwieldy, very tall ladder.

Unless these findings are clearly wrong or manifestly erroneous, this court may not overturn them. *Id.* Even where "there is a conflict in the testimony,

reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

The record contains extensive medical records for Parrish that pre-date the accident. Nothing in those records suggests Parrish had hernia symptoms prior to the accident. Although there is evidence of a possible prior shoulder injury, the evidence pointed to by Van-Tel shows that more than a year passed between the last mention of shoulder complaints in the medical records and the accident made the basis of this claim. Given Parrish's testimony that his hernia and shoulder symptoms began after the accident, the lack of evidence of prior complaints of hernia symptoms and the lack of shoulder symptoms during the year prior to the accident, we find the trial court's credibility evaluations and inferences of fact are reasonable in light of the evidence of record. Therefore, they will not be overturned.

*Penalties and Attorney's Fees*

Van-Tel appeals the WCJ's award of a two thousand dollar penalty for failure to play Parrish's medical bills, a two thousand dollar penalty for failure to pay indemnity, and attorney's fees of seven thousand five hundred dollars. Van-Tel first argues that the WCJ erred in making any award of penalties or attorney's fees because Hearing Rule 6201 provides that only matters listed in the pre-trial order may be litigated and the issue of penalties and attorney's fees was not listed. This court previously considered this issue in *Douglas v. Grey Wolf Drilling Co.*, 03-515, pp. 6-7 (La.App. 3 Cir. 11/5/03), 858 So.2d 830, 834-35:

4

Hearing Rule 6201 provides that only those issues listed in the pre-trial statements shall be litigated at trial, except by written order of the WCJ for good cause or by agreement of the parties.

Louisiana Revised Statutes 23:1317(A) (emphasis added) provides, in part:

> *The workers' compensation judge shall not be bound by technical rules of evidence or procedure* other than as herein provided, but all findings of fact must be based upon competent evidence.... The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.

In *Meche v. Foremost Management Corp.*, 93-1390, p. 5 (La.App. 3 Cir. 5/4/94), 640 So.2d 585, 587, *writ denied*, 96-152 (La.3/15/96), 669 So.2d 429 *quoting Keyes v. Rockwood Ins. Co.*, 502 So.2d 223, 228 (La.App. 3 Cir.1987)), we stated that La.R.S. 23:1317 "reflects the legislature's intent, in compensation cases, to materially relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of the truth and the protection of substantive rights." Additionally, as explained in *Vernon v. Wade Correctional Institute*, 26,053, p. 5 (La.App. 2 Cir. 8/19/94), 642 So.2d 684, 688 (emphasis added), "[t]he theory inherent in pretrial procedure is the avoidance of surprise and the allowance of *the orderly disposition of the case.*"

In *Starkman v. Munholland United Methodist Church*, 97-661 (La.App. 5 Cir. 1/14/98), 707 So.2d 1277, *writ denied*, 98-400 (La.3/27/98), 716 So.2d 891, the court found that the claimant's failure to file a pre-trial statement supported the WCJ's exclusion of the testimony of a witness, a close friend of the claimant's. However, the claimant did present other evidence in support of her claim, including her testimony, medical records, and physicians' depositions, even though she did not file a pre-trial statement.

Because Parrish presented evidence in support of the conclusion that Van-Tel did not reasonably deny or controvert his claim, we find no abuse of discretion in the trial court's decision to rule on the issue of penalties and attorney's fees.

Van-Tel next asserts that the WCJ erred in making an award of penalties and attorney's fees because it reasonably controverted the claim. "Penalties and attorney fees shall be awarded if the employer or the insurer fails to timely pay benefits due claimant, unless the claim is reasonably controverted or such nonpayment results

from conditions over which the employer or insurer had no control." *Russell v. Snelling Pers.*, 02-1347, p. 6 (La.App. 1 Cir. 5/9/03), 849 So.2d 588, 591. The WCJ explained his feelings about the actions of the Defendant as follows:

> The response of the employer to this entire matter is interesting and in some ways inexplicable. After the company took a statement from Mr. Parrish's co-worker, there seemed to be [a] decided leap in favor of the assumption that Mr. Parrish was exaggerating. This assumption was further supported in the defendant's mind by comments from Mr. Parrish's landlord, an individual who clearly had an axe to grind with the claimant involving matters totally unrelated to the on-the-job incident. . . .

> It is very difficult to dismiss the claimant's contention that what passed for an investigation into his accident was little more than the gathering of information to prepare a defense against a workers' compensation claim. The latter is certainly a legitimate endeavor, but not when it completely overshadows the employer's obligation to determine precisely what happened when one of its employees reports an injury.

> . . . .

> The claim was decidedly not controverted.

"Since the determination of whether an employer was arbitrary and capricious is essentially a question of fact, it is subject to the manifest error or clearly wrong standard of review." *Doyal*, 950 So.2d at 909.

Van-Tel further asserts that an award of penalties and attorney's fees was not appropriate because, although they were the only defendant named, only the insurer, because it denied the claim without reference to the employer, was at fault as required by La.R.S. 23:1201(F).

Louisiana Revised Statutes 23:1201(F)(1) provides as follows:

Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty . . . .

(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.

In this case, the evidence shows that actions of both the employer and the insurer were arbitrary and capricious. Further, the employer has continued to controvert the claim even in the absence of reasonable grounds to do so. Thus, the trial court was within its authority to assess penalties and attorney fees against the employer.

CONCLUSION

For these reasons, the judgment of the WCJ is affirmed, and costs of this appeal are assessed to the Defendant, Van-Tel Communications.

AFFIRMED