COOKS, Judge.
| jThe State of Louisiana, through the Department of Transportation and Development (DOTD) appeals the order of the Workers’ Compensation Judge (WCJ) requiring Ellis Hargrave, its employee currently receiving workers’ compensation benefits, to submit to vocational rehabilitation counseling subject to the limitations set forth in this court’s opinion in Crain Bros., Inc. v. Richard, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523. For the reasons that follow, we affirm, as amended.
FACTS
This dispute originated on June 29, 2005, when Hargrave alleges he was injured while working for DOTD. This Court has heard aspects of this case before. See Hargrave v. State through Dep’t of Transp. and Dev., 09-818 (La.App. 3 Cir. 4/7/10), 35 So.3d 437, writ granted, 10-1044 (La.9/17/10), 45 So.3d 1034, affirmed, 10-1044 (La.1/19/11), 54 So.3d 1102.
DOTD sought to obtain vocational rehabilitation counseling for Hargrave. Difficulty arose when the original counselor, who had begun services, severed his relationship with the agency that DOTD contracted with for such services. A second counselor was unsuccessful in arranging an appointment with Hargrave. DOTD then retained Elier A. Diaz to provide vocational rehabilitation services to Hargrave. The retention of Diaz also fostered some difficulty, prompting Hargrave to file a Motion and Order to Quash Conference. The WCJ appointed Diaz as the vocational rehabilitation counselor in the ease by an order signed on July 20, 2009.
Subsequently, DOTD filed an expedited rule to show cause why Hargrave should not be ordered to cooperate with Diaz or be subject to reduction of his workers’ compensation benefits. The crux of the dispute was Hargrave’s insistence that the *1200 counseling be subjected under the terms approved by this Court in Crain Brothers, 842 So.2d 523. The rule was heard, and Hargrave was |2compelled to cooperate with Diaz, but under the conditions approved in Crain Brothers. This appeal ensued, wherein DOTD asserts the WCJ erred in ordering the counseling to proceed under the Crain Brothers conditions, several of which it contends are vague and contrary to the law.
ANALYSIS
Providing vocational rehabilitation services to injured workers is a fundamental aspect of workers’ compensation. Injured employees who are unable to earn wages equal to what they earned before they were injured are entitled to “prompt rehabilitation services.” La.R.S. 23:1226(A). Section 1226 mandates that such services be provided by a licensed vocational coun-seloi*. Those services must be provided by the counselor in accordance with the Code of Professional Ethics for Licensed Rehabilitation Counselors, found in La.Admin.Code 46:LXXXVI.1601 et seq. Section 1226 also prioritizes the appropriate options that must be chosen for the worker, including returning him to the same position, returning him to a modified position, returning him to a related occupation suited to his skills and education, various educational options, and, finally, self-employment.
DOTD acted on its obligation to provide rehabilitation services to Hargrave. In response, Hargrave demanded the following conditions precedent to his accepting rehabilitation services:
(A) That meetings be held at my office at Hargrave’s attorney’s office;
(B) That Diaz agree not to question Hargrave “as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226”;
(C)That Hargrave’s attorney “will be simultaneously copied on all documents sent to anyone concerning my client. This is to include correspondence, job analyses, and all appendices to your correspondence”;
la(D) That Hargrave’s attorney be a party to all oral conversations between Diaz and the employer, insurer or their representative or attorney;
(E) That Diaz will not subject Har-grave “to jobs which are inappropriate;”
(F) That Diaz will upon request provide his entire file for copying or provide a copy of your entire file without charge;
(G) That Diaz understands that although he was selected by and paid by Hargrave’s employer/insurer, he was dedicated to finding a job for Hargrave which Hargrave can obtain and also continue to perform;
(H) That the purpose of the vocational rehabilitation Diaz provides is for Hargrave’s benefit;
(I) “No other person has provided vocational rehabilitation in this case;”
(J) That Diaz or his firm “has no connection, directly or indirectly,” with DOTD, its insurer or their agents, except that it was chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.
These conditions are identical to the conditions approved by this court in Crain Brothers.
In Crain Brothers, 842 So.2d at 526, we ruled that La.R.S. 23:1226, “considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and *1201 fair dealing in rendering the services prescribed.” The implementation of the Crain Brothers conditions have been upheld in several decisions rendered by this Court. See Luquette v. Clayborn Self, 05-1367 (La.App. 3 Cir. 5/3/06), 929 So.2d 817; Moody v. Abrom Kaplan Mem’l Hosp., 05-527 (La.App. 3 Cir. 12/30/05), 918 So.2d 1203. However, as noted in Interiano v. Fernando Pastrana Construction, 04-430, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 547, 549, we “did not hold that the conditions set forth by the claimant’s counsel were mandatory in every case or that they should be ‘deemed necessary by 14the hearing officer’ in every situation.” We simply found “that La.R.S. 23:1226 does not restrict the worker’s compensation judge from requiring a vocational counselor to agree to certain terms,” and we found no manifest error in the WCJ’s finding that the conditions set forth by the claimant’s counsel under those circumstances were reasonable. Id.
As in Crain, Brothers, there is simply nothing included in the record which indicates that the WCJ committed manifest error in determining these conditions to be reasonable under the facts of this case, with the exception of condition (I). That condition provides “[n]o other person has provided vocational rehabilitation in this case.” We find condition (I) is unreasonable because Diaz cannot assure that no other counselor provided vocational rehabilitation to Hargrave in the current case, given that two other vocational rehabilitation counselors have either attempted or performed vocational rehabilitation services. Thus, adherence to this condition is not possible in this case.
DECREE
For the foregoing reasons, we affirm the WCJ’s imposition of the conditions, with the exception that condition (I) is ordered stricken as it cannot be followed in this particular case. Costs of this appeal are taxed to the State of Louisiana, through the Department of Transportation and Development.
AFFIRMED, AS AMENDED.
GREMILLION, J., concurs in part and dissents in part and assigns written reasons.