# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 15-189


**ELLIS HARGRAVE**

**VERSUS**

**ELIER DIAZ**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 13-03581
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


**AFFIRMED.**

**Stephen Winston Glusman**
**Glusman, Broyles & Glusman**
**P. O. Box 2711**
**Baton Rouge, LA 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Elier Diaz**

**Michael Benny Miller**
**Miller & Associates**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ellis Hargrave**

**Sylvia M. Fordice**
**Asst. Attorney General**
**556 Jefferson St., 4th Fl**
**Lafayette, La 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

This appeal arises from a workers' compensation dispute. Ellis Hargrave (hereinafter "Appellant") appeals the judgment of the workers' compensation court dismissing his disputed claim for compensation, in which he asserted the vocational rehabilitation counselor violated La.R.S. 23:1208 and that the vocational rehabilitation counselor should be removed.

**FACTS AND PROCEDURAL HISTORY**

Appellant was injured on June 25, 2005 in the course and scope of his employment with the State of Louisiana, through the Department of Transportation and Development (hereinafter "DOTD"). Following lengthy litigation, DOTD began providing rehabilitation services pursuant to La.R.S. 23:1226(A). Originally, DOTD contracted with Thomas and Associates to provide vocational rehabilitation counseling services to Appellant. The original counselor terminated his employment with Thomas and Associates; thereafter, a second counselor employed by Thomas and Associates was assigned. DOTD then discontinued its relationship with Thomas and Associates and reassigned the case to Elier A. Diaz (hereinafter "Diaz"). Diaz sent several letters to Appellant's counsel requesting to provide vocational rehabilitation services to Appellant.

By letter dated July 8, 2009, Appellant's counsel declined to permit Diaz to provide rehabilitation counseling services to Appellant unless Diaz agreed to comply with the following conditions:

> (A) That your meetings with my client be held at my office at Crowley, Louisiana.

> (B) That you agree not to question my client as to any facts other than those facts necessary to provide vocational rehabilitation under LSA R.S. 23:1226.

> (C) That I will be simultaneously copied on **all documents** sent to **anyone** concerning my client. This is to include

correspondence, job analyses, and all appendices to your correspondence.

(D) That I will be a party to all oral conversations between you and the employer, insurer or their representative or attorney.

(E) That you will not subject my client to jobs which are inappropriate.

(F) That you will upon request provide your entire file for copying or provide a copy of your entire file without charge.

(G) That you understand that although you were selected by and are paid by my clients' employer/insurer, you are dedicated to finding a job for my client which client can obtain and also continue to perform.

(H) That the purpose of the vocational rehabilitation you provide is for the benefit of my client, who is also your client.

(I) No other person has provided vocational rehabilitation in this case.

(J) That you or your firm has no connection, directly or indirectly, with my client's employer or insurer or their agents, except that you were chosen and paid by the employer/insurer to provide vocational rehabilitation in this case.

(emphasis original).

The letter further provided that "Your setting up and appearing for the conference with my client verifies that you are in agreement with the foregoing requests that rehabilitation services will be provided in accordance thereof." These conditions were essentially identical to the ones found not manifestly erroneous by this court in *Crain Brothers, Inc. v. Richard*, 02–1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523.

By order of the Office of Workers' Compensation (hereinafter "OWC") on July 20, 2009, Diaz was appointed to provide vocational rehabilitation services to Appellant. Thereafter, by letter dated July 28, 2009, Diaz informed counsel for Appellant that "[he] practice[d] vocational rehabilitation counseling strictly based

2

upon the ethics and standards of the license of [his] profession in the State of Louisiana in conjunction with Section 1226 of the Workers' Compensation Act with regard to workers' compensation cases. We are not agreeable to any other standards or conditions with regard to the practice of our profession." Diaz made attempts to meet with Appellant; an initial evaluation appointment was scheduled to occur on October 26, 2009, which occurred on the scheduled day. Appellant, Diaz, and counsel for Appellant were present.

Eventually, DOTD filed an expedited rule to show cause why an order should not be issued directing Appellant to cooperate with Diaz or be subject to a reduction of his workers' compensation benefits. Appellant continued to insist that Diaz provide counseling services in accordance with the conditions outlined in the July 8, 2009 letter. At a hearing on the rule, the workers' compensation judge found that all ten conditions were reasonable and that the vocational rehabilitation was to be conducted pursuant to the terms and conditions. DOTD appealed and a majority of this court affirmed the ruling, explaining "there is simply nothing included in the record which indicates that the WCJ committed manifest error in determining these conditions to be reasonable under the facts of this case," but ordered condition (I) stricken, noting that it could not be followed because two other vocational counselors had either provided or attempted to provide vocational rehabilitation services. *Hargrave v. State*, 11-836, p. 4 (La.App. 3 Cir. 12/21/11), 80 So.3d 1198, 1201. We further explained "'that La.R.S. 23:1226 does not restrict the worker's [sic] compensation judge from requiring a vocational counselor to agree to certain terms,'" but that the conditions were neither mandatory nor should they be deemed necessary in every case. *Id.* (quoting *Interiano v. Fernando Pastrana Constr.*, 04-430, p. 4 (La.App. 5 Cir. 10/26/04),

3

887 So.2d 547, 549). DOTD further appealed to the supreme court, which reversed the judgment of this court, explaining:

> there is no requirement in La.Rev.Stat. 23:1226 that a vocational rehabilitation counselor must agree to certain conditions prior to providing vocational rehabilitation services. Certainly absent any showing by the claimant that there is an actual dispute as to the provision of services or the quality thereof, requiring the counselor to abide by such conditions, even if intended as a prophylactic measure, necessarily resorts to speculation and conjecture as to the future actions of the counselor.

*Hargrave v. State*, 12-0341, p. 13-14 (La. 10/16/12), 100 So.3d 786, 793. The supreme court held that "the hearing officer erred in imposing these conditions without an evidentiary showing that any of the conditions were reasonably necessary to resolve or rectify a 'dispute. . . concerning the work of the vocational counselor[.]'" *Id.*

After remand, on April 17, 2013, Appellant filed a disputed claim for compensation, alleging Diaz violated the provisions of La.R.S. 23:1208 by having a meeting with DOTD without allowing Appellant or his counsel to attend. On the same day, he filed a motion to remove Diaz as vocational counselor, alleging vocational rehabilitation services were provided in violation of the laws of workers' compensation and the ethical rules of the profession, again asserting that Diaz held a meeting with DOTD without allowing Appellant or his counsel to participate. On October 30, 2013, Appellant amended his disputed claim for compensation, alleging Diaz "failed to follow [La.R.S.] 23:1226 and his Ethical Rules which should result in his dismissal from providing vocational services in this case" and that he violated La.R.S. 23:1208 by "misstating the agreement for the conference" with DOTD and "making misstatements in his deposition." It is from this disputed claim that the instant appeal rises.

4

**ASSIGNMENTS OF ERROR**

In his appeal, Appellant alleges the workers' compensation judge erred in:

1. failing to allow Appellant to question Diaz regarding the Crain Brothers conditions;
2. in failing to find that Diaz violated La.R.S. 23:1208; and

3. in failing to remove Diaz as vocational counselor for Appellant.

**ASSIGNMENT OF ERROR NUMBER ONE**

In his first assignment of error, Appellant asserts that the trial court erred in failing to allow him to question Diaz as to which conditions Diaz felt with which he could comply and to which he had an objection. Appellant alleges that Diaz testified he would not follow any of the conditions contained in the July 9, 2009 letter. He further asserts that because Appellant "had a right to participate and make decisions in regard to the rehabilitation services and Mr. Diaz[,]" Diaz's testimony that he would not follow the conditions contained in the July 8, 2009 letter supports the conclusion that Diaz's conduct was unreasonable and a violation of the Code of Professional Ethics for Licensed Rehabilitation Counselors (hereinafter "Code of Professional Ethics"). The evidence was proffered and comprises part of the record. For the following reasons, we find this assignment of error to lack merit.

"'The decision to admit evidence into the record rests within the sound discretion of the workers' compensation judge and will not be reversed in the absence of manifest error.'" *Cent. Lumber Co. v. Duhon*, 03-620, p. 2 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, *writ denied*, 04-0315 (La. 4/2/04), 869 So.2d 880 (quoting *Jones v. Trendsetter Prod. Co., Inc.*, 97-299, p. 11 (La.App. 3 Cir. 2/25/98), 707 So.2d 1341, 1346, *writ denied*, 98-793 (La. 5/15/98), 719 So.2d 463).

"Evidence which is not relevant is not admissible." La. Code Evid. art. 402. Relevant evidence is any "evidence having any tendency to make the existence of

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La.Code Evid. art. 401.

Evidence pertaining to "which [conditions Diaz] felt that [he] could do and which ones that [he]had an objection to" does not "[tend] to make the existence of any fact that is of consequence. . . more probable or less probable." La.Code Evid. art. 401. Whether or not Diaz "felt" that he could comply with the conditions contained in the July 8, 2009 letter does not tend to prove that he "failed to follow [La.R.S.] 23:1226 and his Ethical Rules or that he violated La.R.S. 23:1208 by making a willful false statement or misrepresentation, especially in light of the supreme court's finding that the conditions contained in the July 8, 2009 were incorrectly imposed in the instant case. Accordingly, we find no abuse of discretion in the ruling of the workers' compensation judge.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his second assignment of error, Appellant alleges the trial court erred in failing to find Diaz violated La.R.S. 23:1208. We find this assignment of error to also lack merit.

Louisiana Revised Statutes 23:1208(A) provides that: "It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." "The statute is broadly worded and encompasses any false statement or misrepresentation made to anyone when made willfully or deliberately for the purpose of obtaining or defeating benefits." *Lewis v. Temple Inland*, 11-0729, p. 17 (La. App. 1 Cir. 11/9/11), 80 So. 3d 52, 63. As we explained in *Parrish v. Van-Tel Commc'ns*, 07-454, p. 2 (La.App. 3 Cir. 10/10/07), 967 So.2d 592, 594:

6

> The above provision requires only "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment" before the forfeiture required by La.R.S. 23:1208 is applied. *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. A workers' compensation judge's determination as to the existence of the above factors will not be reversed on appeal absent manifest error. *Murphy v. Brookshire Grocery Co.*, 02-808 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157.

Further, "'reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.'" *Id.* at 595 (quoting *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989)).

In its oral ruling, the workers' compensation court explained: "In assessing Mr. Diaz's testimony the Court observed his gestures, tone of voice, responses and reactions to questions, and his overall demeanor. The Court makes a specific finding that Mr. Diaz's testimony is credible." Thus, in order to reverse the trial court, Appellant must show that the trial court's finding that the above factors were not present was manifestly erroneous or clearly wrong.

In brief, Appellant largely focuses on the "so-called 'sham rehabilitation' cases," *Hargrave*, 100 So.3d at 790, alleging multiple times that the actions of Diaz were to aid the employer. Although he cites little from the record identifying precisely what statements were allegedly false, we glean from Appellant's brief the following.

**Scheduled Meeting with DOTD Representative and Appellant's Physician**

First, Appellant asserts in brief that a conference was scheduled to occur on February 27, 2013 with Lynn Dodge, a representative of DOTD, and with one of Appellant's physicians on July 8, 2010. These meetings did not go as planned. Diaz testified that, on the day of the conference with Ms. Dodge, a family emergency arose which prevented him from being physically present at the

7

scheduled time. Thus, he coordinated with Ms. Dodge to have the conference take place via telephone. Diaz explained that he understood that Appellant and his attorney arrived for the conference and, upon discovering that it was to be conducted by telephone, left. The telephone conference took place at the scheduled time, but Diaz did not call Appellant's counsel during the conference, and counsel for Appellant did not participate. Diaz testified that he understood that Appellant's counsel was "angry," which is why he did not call him during the conference.

Regarding the meeting with Appellant's physician, Diaz testified that he was running late for the scheduled meeting, so he called the physician's office to inquire whether the physician would need to reschedule the conference. The meeting was not rescheduled, despite Diaz's tardiness. Diaz further testified that when he arrived, he discovered that counsel for Appellant had cancelled the meeting and left; thus, he did not proceed with the meeting with the physician, although he did have a conversation with the physician's staff. Although the testimony makes clear that the parties have some difficulty proceeding with scheduled meetings, Appellant fails to identify specifically what statement Diaz made that was alleged to be false and to whom the allegedly false statement was made.

**Alleged Violation of Law**

In further support of this assignment of error, Appellant alleges that Diaz falsely stated that he followed the law. In support of this allegation, Appellant first asserts that Diaz violated La.R.S. 23:1127, which requires that an employee be given notice of any verbal communication or conference at least fifteen days in advance and "shall be given the opportunity to attend or participate in the communication or conference." Appellant alleges a violation of this statute

occurred when Diaz communicated with the physician's staff without providing notice to Appellant or giving him the opportunity to attend. We disagree. We note that it was counsel for Appellant that unilaterally canceled the conference with the physician. Had Appellant's counsel not canceled the meeting and left, he would have had ample opportunity to participate in the impromptu discussion with the physician's staff.

Appellant further alleges that Diaz violated the law by failing to follow the conditions contained in the July 8, 2009 letter, as this court had, at the time, "held that the vocational counselor was required to follow the conditions." Appellant's construction of *Crain Brothers* is incorrect. This court did not require vocational rehabilitation counselors to follow the conditions. Instead, we explained:

> We have reviewed 23:1226 and find this provision when considered in its entirety does not restrict the WCJ from exercising her inherent power to require that a vocational counselor, selected pursuant to the statute, act in accordance with the rules regulating his professional conduct to assure his integrity, honesty and fair dealing in rendering the services prescribed. We cannot say this conclusion was manifestly erroneous, and affirm the decision of the trial court at appellants' cost.

*Crain Bros.*, 842 So. 2d at 525-26.

As Judge Cooks observed in *Hargrave*, 80 So.3d at 1201 (quoting *Interiano*, 887 So.2d at 549):

> [w]e simply found "that La.R.S. 23:1226 does not restrict the workers' compensation judge from requiring a vocational counselor to agree to certain terms" and we found no manifest error in the WCJ's finding that the conditions set forth by claimant's counsel under those circumstances were reasonable.

Moreover, our supreme court later determined that the conditions could not be imposed without "an evidentiary hearing showing that any of the conditions were reasonably necessary to resolve or rectify a 'dispute. . . concerning the work of the vocational counselor[.]'" *Hargrave*, 100 So.3d at 793. Finally, we note that La.R.S. 23:1310.5(B) provides that "[t]he decision of the workers' compensation

9

judge shall be final unless an appeal is made to the appropriate circuit court of appeal." Thus, as DOTD timely appealed the order of the workers' compensation court requiring Diaz to comply with the conditions contained in the July 8, 2009 letter, that judgment was not final and it could not have been violated. Finally, we note that Appellant again fails to specifically identify the particular statement made by Diaz that is allegedly false.

### Alleged Violation of Ethical Rules

Finally, Appellant asserts that Diaz falsely stated he would comply with La.R.S. 23:1226, which requires such services to be provided by the counselor in accordance with the Code of Professional Ethics. In support of this argument, he asserts that Diaz violated multiple ethical rules. We find this assertion to lack merit. First, the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners Ethics Committee is the entity charged with determining whether a licensed vocational rehabilitation counselor has committed a violation of the Code of Professional Ethics. La.Admin Code. tit. 46, pt. LXXXVI, §§ 1701-1703. There has been no such determination in this case.

Finally, we note that the only testimony presented in this case was that of Diaz. His testimony was completely uncontroverted. Moreover, the workers' compensation judge found him to be credible. We will not now reevaluate that credibility determination. *Parrish,* 967 So.2d 592. We find no statements from Diaz, or anyone else, except Appellant's own conclusory assertions, to support his claim of fraud in violation of La.R.S. 23:1208.

After reviewing the record herein, we find that the record supports the trial court's finding that Appellant failed to meet his burden of proving Diaz's violation of La.R.S. 23:1208. Thus, the trial court did not err in failing to find Diaz violated La.R.S. 23:1208.

**ASSIGNMENT OF ERROR NUMBER THREE**

In his final assignment of error, Appellant alleges the trial court erred in failing to remove Diaz as vocational counselor for Appellant. We disagree.

In its oral ruling on the issue, the workers' compensation judge stated, "the Court finds that there has been no showing warranting the removal of Mr. Diaz as vocational counselor."

Although "an employer is not the only entity that may *select* a vocational rehabilitation counselor," *Robert Sepulvado Logging, Inc. v. Sepulvado*, 05-1630, p. 11 (La.App. 3 Cir. 5/31/06), 931 So.2d 528, 534 (explaining *Batiste v. Capitol Home Health*, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395 (workers' compensation judge approved vocational counselor suggested by employee)), having determined that the trial court did not err in concluding that Appellant failed to meet his burden of proving Diaz violated La.R.S. 23:1208, we further find that the trial court did not err in concluding that Appellant made no showing which warranted the removal of Diaz as vocational counselor. Thus, we conclude that the trial court did not err in failing to remove Diaz as vocational counselor.

**CONCLUSION**

For the foregoing reasons, the judgment of the workers' compensation court is affirmed in all respects. All costs of this appeal are assessed to Appellant.

**AFFIRMED.**