# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-338

**JUAN CARLOS ALLEN**

**VERSUS**

**AFFORDABLE HOME FURNISHINGS**
**AND LOUISIANA SAFETY ASSOCIATION OF TIMBERMEN**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**OFFICE OF WORKERS' COMPENSATION, DISTRICT 4**
**PARISH OF LAFAYETTE, NO. 07-08002**
**HONORABLE SHARON MORROW, JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Michael B. Miller**
**P.O. Box 1630**
**Crowley, LA 70527**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
      **Juan Carlos Allen**

**Sean Rastanis**
**Travis Garrison**
**909 Poydras St., Ste. 1800**
**New Orleans, LA 70112**
**COUNSEL FOR DEFENDANT-APPELLEE:**
      **Affordable Home Furnishings**

**PAINTER, Judge.**

Plaintiff, Juan Carlos Allen, appeals the judgment of the Workers' Compensation Judge (WCJ) reducing his benefits retroactively to September 24, 2103, for refusing to participate in vocational rehabilitation.

### FACTS

Allen was injured in the course and scope of his employment with Affordable Home Furnishings (Affordable) in July 2013. Vocational rehabilitation was originally scheduled with Jody Villion-Devillier. Allen declined to participate in counseling after Devillier refused to agree to certain conditions set by his counsel. Affordable filed a motion to compel vocational rehabilitation and to reduce benefits. The WCJ ordered the employer to find another rehabilitation specialist employed by a different agency and to submit the name to counsel for Allen. The WCJ gave Allen ten days to object to the rehabilitation specialist named. Affordable submitted the name of Mona Davie to counsel for Allen, and no objection was interposed. A conference between Davie and Allen was set for September 24, 2013. On September 11, 2013, counsel for Allen sent a letter to Davie requesting that she agree to certain conditions and asking that if she did not agree to the conditions, she list the conditions with which she did not agree to follow. Davie did not reply to the letter. On September 24, 2013, when Davie went to meet with Allen, she was again presented with a written list of conditions. At the end of the document, she was given a choice of signing after a line which stated: "I have reviewed the foregoing conditions and have struck all conditions which I do not agree to follow. The remainder of the conditions I will comply with" or one which stated: "It is my decision not to sign this document." Davie testified that she told counsel that if she was required to sign, she would need more time. She did not see Allen that day, and it was her understanding that she would not be allowed

to see him unless she signed. She signed a sheet stating that: "I, Mona Davie, am taking the attach (sic) document to review prior to signing." At the hearing, she clarified her refusal to sign saying that her failure to sign was not an indication that she would not follow the law or the ethical guidelines of her profession.

At the conclusion of the hearing, the WCJ ordered that Allen's benefits were to be reduced by fifty percent retroactive to September 24, 2013, until the vocational conference took place and that counsel for both parties copy each other on any correspondence and/or emails sent to the vocational counselor. Allen appeals.

## DISCUSSION

Allen first asserts that the WCJ erred in reducing indemnity benefits by fifty percent. La.R.S. 23:1226 provides as follows:

> A. When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. Vocational rehabilitation services shall be provided by a licensed professional vocational rehabilitation counselor, and all such services provided shall be compliant with the Code of Professional Ethics for Licensed Rehabilitation Counselors as established by R.S. 37:3441 et seq.
>
> B. (1) The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs. The first appropriate option among the following must be chosen for the worker:
>
> (a) Return to the same position.
>
> (b) Return to a modified position.
>
> (c) Return to a related occupation suited to the claimant's education and marketable skills.
>
> (d) On-the-job training.
>
> (e) Short-term retraining program (less than twenty-six weeks).
>
> (f) Long-term retraining program (more than twenty-six weeks but not more than one year).

2

(g) Self-employment.

(2) Whenever possible, employment in a worker's local job pool must be considered and selected prior to consideration of employment in a worker's statewide job pool.

(3)(a) The employer shall be responsible for the selection of a licensed professional vocational rehabilitation counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, or a dispute arises concerning the work of the vocational counselor, the employee may file a claim with the office to review the need for such services or the quality of services being provided. The employee shall have a right to an expedited summary proceeding pursuant to R.S. 23:1201.1(K)(8). The workers' compensation judge shall set a hearing date within three days of receiving the motion. The hearing shall be held not less than ten, nor more than thirty days, after the employer or payor receives notice, delivered by certified or registered mail, of the employee's motion. The workers' compensation judge shall provide notice of the hearing date to the employer and payor at the same time and in the same manner that notice of the hearing date is provided to the employee or his attorney. For the purposes of this Section, an employee shall not be required to submit the dispute on the issue of vocational services to mediation or go through a pretrial conference before obtaining a hearing. The hearing shall be conducted as a rule to show cause.

(b) An employee shall have no right of action against a vocational counselor for tort damages related to the performance of vocational services unless and until he has exhausted the administrative remedy provided for in Subparagraph (a) of this Paragraph. The running of prescription shall be suspended during the pendency of the administrative proceedings provided for in this Paragraph.

(c) Upon refusal by the employee, the employer or payor may reduce weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), by fifty percent for each week of the period of refusal. Reduction of benefits by the employer or payor shall be made in accordance with the provisions of R.S. 23:1201.1(A) through (E).

C. (1) Rehabilitation services required for disabled workers may be initiated by:

(a) An insurer or self-insured employer by designating a rehabilitation provider and notifying the office.

(b) The office by requiring the insurer or self-insured employer to designate a rehabilitation provider.

(c) The employee, through a request to the office. The office shall then require the insurer to designate a rehabilitation provider.

(2) Rehabilitation services provided under this Part must be delivered through a rehabilitation counselor approved by the office.

As in *Hargrave v. State*, 12-341 (La. 10/16/12), 100 So.3d 786, Allen seems to be arguing that the conditions are a reasonable response to the history of sham rehabilitation cases in the past. However, the court in Hargrave addressed the effect of the 2003 and 2005 amendments to 23:1226 on the imposition of conditions on a rehabilitation counselor.

> The 2003 amendment therefore allowed the employee to file a claim with the OWC to review the "quality of services being provided" if "a dispute arises concerning the work of the vocational counselor...." Acts 2003, No. 980. The 2003 amendment also added paragraphs 3(b) and 3(c) to grant the counselor limited immunity from tort and to allow the employer to compel the employee's cooperation in the rehabilitation process. If the employee refuses to accept rehabilitation as deemed necessary by the OWC, he shall be subject to a fifty percent reduction in weekly compensation for each week of the period of refusal. La.Rev.Stat. 23:1226(B)(3)(c). The 2005 amendment mandated the counselor be a licensed professional vocational rehabilitation counselor. Acts 2004, No. 257. Thus, the legislature clearly recognized a right of the employee to challenge the quality of the vocational rehabilitation services and, consequently, set forth a procedure for resolving any disputes concerning the work of the vocational rehabilitation counselor.
>
> . . . .
>
> . . . . As the *Interiano* [*v. Fernando Pastrana Const.*, 04-430 (La.App. 5 Cir. 10/26/04), 887 so.2d 547] court reasoned, there is no requirement in La.Rev.Stat. 23:1226 that a vocational rehabilitation counselor must agree to certain conditions prior to providing vocational rehabilitation services. Certainly absent any showing by the claimant that there is an actual dispute as to the provision of services or the quality thereof, requiring the counselor to abide by such conditions, even if intended as a prophylactic measure, necessarily resorts to speculation and conjecture as to the future actions of the counselor.

In other words, since the amendments, a claimant has a means of redress when a rehabilitation counselor does not fulfill the statutory mandate. However, a record of abuse must first be made before a remedy can be fashioned by the WCJ.

4

Therefore, conditions may not be imposed on rehabilitation in advance of the provision of services.

Allen further argues that he did not refuse rehabilitation arguing that the WCJ found only an obstruction of rehabilitation services. Davie testified, however, that it was her understanding that she would not be allowed to meet with Allen unless she signed the document containing the conditions. There was no testimony to suggest that the idea was mistaken or that she was told that she did not need to sign the document. Therefore, we find no error in the decision to reduce benefits from the scheduled date of the vocational rehabilitation conference.

*Excluded Testimony*

Allen next argues that it was error on the part of the WCJ to sustain Affordable's objection to questions posed to Davie by counsel for Allen regarding when she might sign a document and what a client might demand of her as a counselor. Affordable objected to the questions as irrelevant, and the WCJ sustained the objections. We find no error in this determination since the questions were not such as to elicit information regarding whether Allen's refused vocational rehabilitation services, which was the sole purpose of the hearing.

*Correspondence*

Finally, Allen argues that the trial court erred in ordering Allen and his counsel to copy counsel for Affordable on all correspondence sent to Davie since this was not prayed for in the motion. The motion to reduce benefits requested additional relief as detailed in the attached motion. The motion asked that the WCJ issue an order prohibiting Allen's counsel from sending ex-parte communication to Davie. The judge's decision to require Allen and his counsel to copy opposing counsel on all correspondence with Davie is a reasonable response to this request

5

since granting the relief sought would prohibit correspondence of any kind with Davie. Therefore, we find no error in the order granted by the trial court.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant, Juan Carlos Allen.

**AFFIRMED.**